VERNAKES *v.* CITY OF SOUTH HAVEN.

INJUNCTION — EQUITY—CRIMINAL PROCEEDINGS AS ADEQUATE REMEDY—ORDINANCES—JUDGMENT.

    Complainant's bill for an injunction was demurrable on the theory that he had another adequate remedy, upon averments contained in the pleading, that every legal question involving his license to do transitory business and the validity of an ordinance revoking it had been raised in a case instituted in justice's court, in which the complainant was charged with violating such ordinance of the defendant municipality, which cause the complainant had removed to the circuit court by writ of certiorari, and the court having determined the questions involved adversely to the claims of the complainant, who took no appeal.

Appeal from Van Buren; Des Voignes, J. Submitted November 17, 1913. (Docket No. 129.) Decided July 24, 1914.

Bill by Thomas Vernakes against the city of South Haven for an injunction and other relief. From a decree for defendant, complainant appeals. Affirmed.

*Thomas J. Cavanaugh,* for complainant.

*Fred C. Cogshall,* for defendant.

McALVAY, C. J.   The bill of complaint in this cause was filed in the circuit court for the county of Van Buren, in chancery, by complainant, alleging, among other things, that he was a resident of the United States and came to the city of South Haven, which is a resort town, and which invites and encourages people temporarily to engage in business; that it is a fourth-class city, with a mayor and six aldermen as a governing body, and also has a small police force; that on May 17, 1909, under an ordinance entitled "An ordinance relative to licenses," it adopted a system of issuing licenses to temporary merchants permitting them to conduct business in buildings, tents, or inclosures, and also licenses to those who wished to sell wares from carts and stands on sidewalks and in streets, alleys, and public places in the city; that complainant, who is a Greek by birth, had been permitted and allowed under a license to conduct his business during the year 1911, and in 1912 he made application for, and was granted by the governing body of the city, the two licenses over which this dispute arises, one giving him the privilege to engage in business on a certain lot in said city owned by a private citizen, and the other to run a pop corn wagon, for which licenses he paid into the city treasury the sum of $30, that being the amount fixed and required by the proper officer; that, relying upon such licenses, he selected and rented one of the best business locations in the city from a private citizen at an agreed rental exceeding the sum of $100, upon which lot he built a tent house in which, under license No. 1, to conduct his business; that he purchased a stock of goods of considerable value, part of which was perishable, and moved into said tent house upon said premises; that he also procured and operated a pop corn

wagon as permitted under his license No. 2; that he proceeded to, and did, conduct his business under both of said licenses at a good profit from June 1 to July 19, 1912, in a lawful manner and as he had been allowed to do during the year 1911; that the police officers, because of his peculiar Greek accent in crying his wares, made fun of and annoyed him, and, because he resented this, some of the officers of the city threatened him that he must desist absolutely from crying his wares; this he refused to do, and, without any notice or hearing, on July 18, 1912, in the nighttime, the city council convened and arbitrarily passed a resolution revoking both of his licenses, thereby destroying his business and taking his property, all without authority of law, which has and will cause him irreparable damage, to the amount of $1,000 and upwards; that he had violated no law of the city or State in any manner, and, upon advice of counsel, he continued to carry on his business under both licenses in an orderly and peaceable manner the following day, whereupon complaint was made against him that he had on that day, without a license, kept upon a sidewalk within said city a cart for the sale of goods, wares, and merchandise, upon which complaint he was arrested, gave bail, and his trial was set for July 26th; that again, on July 30th, he was arrested for a like offense; that his trial was set for August 6th following; that he was threatened with arrest every day so long as he conducted and maintained his business and sold wares in said city; that he was justly apprehensive of daily arrest and imprisonment unless he complied with the arbitrary and unlawful demands of said city authorities and moved out; that he had committed no breach of the peace or violated any law, and that it appeared to be the disposition of the officers of said city to destroy his business and drive him out of the city.

Complainant also alleged that this ordinance was

invalid for many reasons which are set forth at length; that, if valid, his licenses were revoked arbitrarily, and without cause or notice, and in violation of his rights under them, an injury to himself, his business and property, and that the revocation was not acted upon at a proper meeting properly called, nor was the revocation by the proper authority designated in the ordinance.

The bill of complaint also alleges that, as threatened by the officers, he was arrested repeatedly upon the same charge; that after complainant's arrest upon the first warrant issued against him, July 19, 1912, he gave bail for his appearance, and a trial was had in justice's court without a jury upon the questions of law involved, the facts being undisputed; that complainant was found guilty and sentenced to pay a fine of $25 within 5 hours, together with costs, or be committed to jail for 30 days; that the case was removed by him upon a writ of certiorari to the circuit court in said county, and this paragraph of the bill of complaint concludes as follows:

"That every legal question involving the validity of the ordinance, the right of the city council to revoke your orator's license, and other rights in which both parties were interested are raised in said proceedings and can be determined by this court at its next session."

Other allegations contained in his bill of complaint need not be stated.

Complainant prayed the court to determine the invalidity of such ordinance, and, if the ordinance should be held to be valid, that all proceedings of the common council and officers of the city in revoking his licenses without notice and in destroying his business and other acts before mentioned be declared to have been done without authority of law and to be illegal and void. He also prayed for an injunction against the city, its officers and agents, from further

prosecuting these suits against him and from commencing other and further suits of like character under said ordinance. Upon filing this bill of complaint an order was granted requiring defendant to show cause why an injunction as prayed should not issue, and in the meantime a temporary restraining order was granted.

To this bill of complaint defendant demurred, for the reason that complainant had not stated such a case in his bill as entitles him to any relief in a court of equity, because he had an adequate and complete remedy in a suit at law. From the order entered by the court sustaining the demurrer and dismissing his bill of complaint, complainant has appealed to this court.

There is no dispute here upon the facts as stated in the bill of complaint. The sole question involved is the question of jurisdiction raised by the demurrer.

This bill was filed and a restraining order issued August 5, 1912, after the removal of the case against complainant under the ordinance to the circuit court by writ of certiorari. The record in the instant case shows that the ordinance case was tried and the judgment of the justice's court convicting complainant for a violation of the ordinance was affirmed. This appears from the opinion filed by the circuit judge in the instant case upon dissolving the injunction and sustaining the demurrer of defendant, which opinion contains the greater part of the opinion of the court filed in the certiorari case, and no claim is made on the part of complainant that such is not the fact.

This opinion was filed May 5, 1913, and the decree sustaining the demurrer and dismissing the bill was granted May 8, 1913. The record in this case does not show, nor is it claimed by appellant, that any steps have been taken to review the judgment of the circuit court in the certiorari case. For this reason it is insisted on the part of defendant and appellee that by

complainant's admission in the bill of complaint above quoted all matters in dispute in this litigation have been disposed of by the circuit court against the contention of complainant.

While we are impressed with the fact that the allegations of the bill show conduct upon the part of the police officers of the city of South Haven toward complainant, admitted by the demurrer, which is anything but creditable to such officers, this case must be determined upon the questions of law presented. At the time the bill was filed and the injunction issued we find that the theory of complainant was that every legal question involved in this cause relative to the validity of the ordinance, the right of the city to revoke licenses, and other rights in which both parties were interested were raised in the certiorari proceedings, and could be determined in these proceedings by the circuit court at its next session. This appears in terms from the paragraph we have quoted *supra* from the bill of complaint. The certiorari case was tried and all legal questions involved in that case were passed upon by the court, and a judgment against complainant was duly rendered. Complainant has not sought to review that case in this court.

After a careful consideration of the contention made by complainant in his bill of complaint we are constrained to hold that if he was aggrieved by the determination of the certiorari case in the circuit court against him he had a complete and adequate remedy at law by the removal of that case to this court for review. It is therefore unnecessary to give consideration to questions presented in this case.

The decree of the circuit court is affirmed.

BROOKE, KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.