RAMLOW *v.* MOON LAKE ICE CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION—INDUSTRIAL
   ACCIDENT BOARD—PROXIMATE CAUSE OF DEATH.

   Decedent received a serious fracture of his leg and later
   experienced an attack of delirium tremens, from which
   he died.   Several medical experts stated their opinion
   that the attack of tremens was caused by the injury and
   it was not uncommon for this kind of attack to occur
   about 60 hours after an injury, at the time the secondary
   shock sets in.   The evidence supported claimant's conten-
   tion that the decedent would not have developed the attack
   if the injury and resultant shock had not occurred.   *Held*,
   that the widow was entitled to an award of compensation,
   granted by the board on the theory and finding that the
   proximate cause was the injury.[1]

2. SAME—INTENTIONAL AND WILFUL MISCONDUCT.

   It was not conclusive, as a matter of law, against claim-
   ant's recovering an award, that decedent, in replying to
   the question of his physician whether or not he had been
   an alcoholic, stated he had not been, the proofs as to his
   drinking habits not being undisputed, where there was no
   testimony to show that he knew the question bore upon the
   matter of treatment, and nothing to indicate that he knew
   to what extent a person must be addicted to the use of
   alcohol to become an alcoholic; on certiorari the court
   could not determine that he was guilty of wilful and in-
   tentional misconduct under Act No. 10, Extra Session 1912,
   pt. 2, § 2; 2 Comp. Laws 1915, § 5432.

Certiorari to the Industrial Accident Board.   Sub-
mitted June 12, 1916.   (Docket No. 36.)   Decided July
21, 1916.

[1]As to application and effect of workmen's compensation acts,
generally, see comprehensive note in L. R. A. 1916A, 23.   And
as to effect of pre-existing disease on recovery from one negli-
gently causing personal injury, see note in 48 L. R. A. (N. S.)
119.

Myrtle Ramlow presented her claim for compensation against the Moon Lake Ice Company for the death of her husband in respondent's employ. From an award granting compensation respondent ice company and the Ocean Accident & Guaranty Corporation, Ltd., its insurer, bring certiorari. Affirmed.

*Kleinhans, Knappen & Uhl,* for appellants.

*Hatch, McAllister & Raymond,* for appellee.

BIRD, J. William Ramlow, husband of claimant, was an employee of the defendant Moon Lake Ice Company, of Grand Rapids. On June 3, 1914, while attempting to remove a burr from the axle of one of the company's wagons, he slipped and fell, causing a severe fracture of two bones in his right leg just above the ankle. He was removed to the hospital, where the fracture was reduced and he was placed in bed. There was nothing unusual about his condition until the evening of June 5th, when he suffered an attack of delirium tremens, and died on the following morning. Application was made by the widow for an allowance, and the same was granted at the rate of $6.40 a week for 300 weeks.

1. Counsel for the ice and insurance companies contend that the award should not have been made, for the reason that the testimony shows that the attack of delirium tremens, and not the injury, was the proximate cause of his death. The record contains the testimony of four physicians, who appeared to be qualified to speak on such matters, and they gave it as their opinion that the attack of delirium tremens was caused by the injury; further, that it was not unusual for delirium tremens to develop about 60 hours after an injury, when the secondary shock sets in, with patients who had been in the habit of using alcoholic liquors. Two physicians who testified for the defendants dis-

agreed with this view, but the record, taken as a whole, is very persuasive that the deceased would not have developed delirium tremens when he did, had it not been for the injury and the shock which followed it. The fact that his system had been so weakened by his intemperate habit that it was unable to withstand the effects of the injury does not thereby shift the proximate cause of death from his injury to his intemperate habit. *McCahill* v. *Transportation Co.*, 201 N. Y. 221 (94 N. E. 616, 48 L. R. A. [N. S.] 131, Am. & Eng. Ann. Cas. 1912A, 961). It is said by counsel that this case is similar to that of *McCoy* v. *Screw Co.*, 180 Mich. 454 (147 N. W. 573, L. R. A. 1916A, 323). The cases are dissimilar in the material respect that in the case cited the claimant by his own act, after receiving the injury, communicated gonorrhœal germs to his eye by rubbing it, in consequence of which he lost the use of it. It was clearly his own act after the injury which caused the loss of his eye. We are of the opinion that the finding of the board upon this question should not be disturbed.

2. A further contention is made that the conduct of Ramlow was unreasonable, amounting to wilful and intentional misconduct within the meaning of section 2, pt. 2, of the compensation act (Act No. 10, Extra Session 1912 [2 Comp. Laws 1915, § 5432]). This is based upon the claim that deceased, when asked by his attending physician if he was an alcoholic, replied that he was not; that, had he answered truthfully that he was, the treatment would have been different, and the attack might have been averted. Touching the habit of deceased in this respect, his foreman testified that he had known deceased for 23 years, and that he had worked with him off and on for about 16 years, and that the deceased "used to take a drink once in a while, and sometimes quite often," but that he never saw him in a state when he thought he had been drink-

ing while on duty, and that his drinking did not interfere with his work, and that during the 16 years he had not known him as a drinking man. There is nothing in the record to show that the deceased understood to what extent a person must be addicted to the use of intoxicating liquors to become an alcoholic, neither is there anything to show that he knew that the question propounded had any bearing upon the treatment of his injury. We cannot say as a matter of law that the record discloses any wilful or intentional misconduct concerning his answer to the doctor's question. The extent to which he was addicted to the use of intoxicating liquors was a question of fact, and, the same having been determined by the board, it is not within our power to review it. *Bayne* v. *Storage & Cartage Co.*, 181 Mich. 378 (148 N. W. 412); *Redfield* v. *Insurance Co.*, 183 Mich. 633 (150 N. W. 362).

The award must be affirmed.

STONE, C. J., and KUHN, OSTRANDER, MOORE, STEERE, BROOKE, and PERSON, JJ., concurred.