DAICH *v.* STUDEBAKER CORPORATION.

Master and Servant—Review of Finding of Industrial Accident Board.

Where there is any competent evidence to support a finding of the industrial accident board, based on conflicting evidence, the Supreme Court will not undertake to weigh the evidence or disturb the finding.

Certiorari to Industrial Accident Board. Submitted January 12, 1917. (Docket No. 125.) Decided March 30, 1917.

Joseph Daich presented his claim for compensation against the Studebaker Corporation for injuries received in respondent's employ: On petition by said respondent to be relieved from paying further compensation under an agreement entered into between the parties. From an order denying the petition, respondent brings certiorari. Affirmed.

*Roy C. Gamble* and *Frederick J. Ward,* for appellant.

*Ira J. Pettiford,* for appellee.

Moore, J. In March, 1915, claimant was in the employ of defendant corporation. It is his claim that while at work dust or filings got into his eye, which gave him serious trouble. July, 1915, an agreement was entered into, the material parts of which read:

"Workmen's Compensation Law.
"(Act 10 of Public Acts, Extra Session 1912.)
"Industrial Accident Board,
"Lansing, Mich.
"Agreement in Regard to Compensation.
"We, Joe Daich (name of injured employee), residing at city or town of Detroit, Michigan, and the

Studebaker Corporation (name of employer, insurance company, or commissioner of insurance), have reached an agreement in regard to compensation for the injury sustained by said employee while in the employ of the Studebaker Corporation.  *  *  *  Injured was working as usual at his ordinary work when he felt his eyes begin to burn, about a week before he reported to the doctor.  At first he thought nothing of it, but the eyes gradually grew worse.  *  *  *  Injured having received $12.50 per week, it is hereby agreed that he is to receive $6.25 per week during disability.

"Witness:

"Joe Daich. (Name of Injured Employee.)

"The Studebaker Corporation. (Name of employer,

"Insurance Co., or Insurance Commissioner.)

"By J. E. Spencer, Assistant to the Vice President.

"Dated at Detroit, Michigan, this second day of July, 1915."

This agreement, accompanied by the following letter, was filed with the industrial accident board:

"July 2d, 1915.

"The Industrial Accident Board,

"Lansing, Mich.

"*Gentlemen:* We are inclosing herewith Agreement in Regard to Compensation, made with Joe Daich. We do not, however, feel that we are legally under obligation to Mr. Daich, neither does he think we are liable to him, but he is in very hard circumstances at present and we are doing this in order to help him out.

"We make this statement to protect us, should anything further develop from the case.

"Yours truly,

"The Studebaker Corporation,

"By Roy C. Gamble, Compensation Department."

The record does not show that claimant had any knowledge of this letter.  On the 30th of July the industrial accident board entered an order approving of the agreement.  After paying claimant $12.50 the Studebaker Corporation discontinued its payments, and petitioned the board that it might be relieved of

further payments for the following, among other, reasons:

"*First.* That on July 2, 1915, an Agreement in Regard to Compensation was made between the above parties, which agreement was made solely for the purpose of furnishing applicant financial assistance at the time, and not for the reason that he was entitled to compensation under the workmen's compensation law, and a letter was sent to the industrial accident board simultaneously with sending of agreement, stating that respondent did not feel obligated to applicant under the terms of the law.

"*Second.* The applicant is not suffering as a result of an injury arising out of and in the course of his employment.

"*Third.* The applicant is now suffering from a constitutional disease of long standing."

Depositions of witnesses were taken and filed and a hearing had by the board. Among other things the board found:

"(1) The board finds that the agreement in regard to compensation, made and signed by the parties on the 2d day of July, 1915, and approved by the board on July 24, 1915, constituted a valid and binding contract, obligating respondent to continue to make payments at the rate specified during the period of disability, and that the question as to whether the respondent could be held liable in the absence of such a contract was not open on the hearing on said petition.

"(2) It is not seriously disputed but what applicant's disability continued up to the time of the hearing on the petition, and the board found as a matter of fact that it so continued.

"(3) The board also found as a matter of fact that the condition of applicant's eyes is the result of an accidental injury received while in the employ of the respondent, and that applicant's present disability is the result of such injury, which either created the present condition or made active a latent disease or condition of the eyes which would have caused no appreciable harm in the absence of the aforesaid injury."

It is sought to review this action by certiorari.

Many claims are made and argued by counsel for the Studebaker Corporation which we think, under the evidence and the findings of the industrial accident board, are not now debatable.

Claimant testified as to the condition of his eyes prior to the time of the alleged accident and to the occurrence which he claimed caused the trouble:

"*Q.* Now just describe what happened.

"*A.* Well, I was putting on the lamp brackets, the fellow back of me filing motor hood, or, that goes over the motor, but just because some of them do not fit lots of them does, and some of them do not, and he was filing them off, and while I was sitting down he lifted this motor hood over the top of me like he done the other time.   *   *   *   I was sitting at the front part of the auto—well, it was not fixed up altogether, and I was putting this lamp bracket on, and this fellow was filing in back of me, and I was fastening it on, fastening this lamp bracket on, and he was filing off in back of me, this motor hood.

"*Q.* Yes.

"*A.* And while I was sitting down this fellow, I guess he was done with it, for he lifted it over the top of my head, while I was sitting down putting this lamp bracket on, and while he was putting it over the top of my head, I looked up at him, you know, kind of put my head out of the road, and these particles of this motor hood fell down in my eyes, I could not say whether it was enamel or whether it was grindings of that motor hood, whatever it was, I don't know, I could not say; but I know it fell off of that while I looked up at him."

He testified that at once his eyes began to smart, and that in a few minutes thereafter he went to the corporation's doctor for treatment, and testified to subsequent events. Considerable of his testimony was not in harmony with that offered on the part of the corporation. Justice BROOKE, speaking for the court, said:

"In two recent cases we have determined that where there is any competent evidence to support the finding of the board, this court will not undertake to weigh the evidence or disturb that finding. * * * While. this court might reach a different conclusion as to the cause of the death of claimant's decedent than that reached by the board, we do not think it can be said that there is no evidence in the record justifying that conclusion." *Lindsteadt* v. *Salt & Lumber Co.*, 190 Mich. 451 (157 N. W. 64).

There is abundance of competent evidence to support the findings of the industrial accident board.

See, also, section 12, pt. 3, Act No. 10, Extra Session 1912 (2 Comp. Laws 1915, § 5466) ; *Bayne* v. *Storage & Cartage Co.*, 181 Mich. 278 (148 N. W. 412) ; *Redfield* v. *Insurance Co.*, 183 Mich. 633 (150 N. W. 362) ; *Beckwith* v. *Spooner*, 183 Mich. 323 (149 N. W. 971, Am. & Eng. Ann. Cas. 1916E, 886) ; *Ramlow* v. *Ice Co.*, 192 Mich. 505 (158 N. W. 1027, L. R. A. 1916F, 955) ; *La Veck* v. *Parke, Davis Co.*, 190 Mich. 604 (157 N. W. 72, L. R. A. 1916D, 1277).

As there was an issue of fact presented which was decided after hearing conflicting testimony by the industrial accident board in favor of the claimant, we must decline to interfere.

Judgment is affirmed, with costs to claimant.

KUHN, C. J., and STONE, OSTRANDER, BIRD, STEERE, BROOKE, and FELLOWS, JJ., concurred.