Gilcrest Lumber Co. v. Rengler.

---

F. H. GILCREST LUMBER COMPANY, APPELLANT, V. SAMUEL D. RENGLER, APPELLEE.

FILED NOVEMBER 13, 1922. No. 22884.

1. **Master and Servant: WORKMEN'S COMPENSATION: ACCIDENT: PRE-EXISTING DISEASE.** Where an employee accidentally suffered a slight bruise upon the shin, which was not sufficient of itself to cause disability, but which, three days later, owing to a diseased condition of his blood, broke open and formed an ulcer at the center of the bruise; *held,* that the accident was the proximate cause of the disability resulting from the existence of the ulcer, and that such disability was caused by an accident arising out of the employment.

2. ———: ———: ———: ———. The fact that disability is prolonged by a pre-existing disease does not prevent the award of compensation for the entire period of such disability.

3. ———: ———: ———: ———. It is sufficient to show that the injury and pre-existing disease combined to produce disability, and not necessary to prove that the injury accelerated or aggravated the disease, in order to satisfy the requirement that the accident arise out of the employment.

APPEAL from the district court for Buffalo county: BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

Gilcrest Lumber Co. v. Rengler.

*Pratt, Hamer & Beynon* and *E. T. Morrison,* for appellant.

*W. T. Thompson, contra.*

Heard before MORRISSEY, C. J., ALDRICH, ROSE and FLANSBURG, JJ., REDICK and SHEPHERD, District Judges.

REDICK, District Judge.

This is an appeal from a judgment of the district court awarding appellee compensation for an accident occurring to him while in the employ of appellant. The injury was caused July 3, 1920, by a bundle of maple flooring weighing about 50 pounds falling against appellee's leg, causing a slight bruise on his shin, but did not break the skin. He suffered no inconvenience from it except a little pain, and that night he examined it and found "a black and blue mark on the shin," reported to the office the 4th and 5th of July, but did little work, as they were holidays; worked all day Tuesday at his desk; Tuesday night suffered more or less pain; Wednesday morning reported he would not be down to the office as his leg had broken open; first time he noticed the skin had been broken, pajamas stuck to it a little; called a doctor, put on hot applications for 48 days, lost weight from 120 pounds to 89 pounds, September 14, when he left for California; has done no work since except a little gardening up to the time of taking his deposition in November,1921; has been taking treatment ever since; there are still signs of a sore (November, 1921) not quite closed; no discharge for about four months; there was a slight discharge up to that time; his weight at this time was about normal. It is further shown that appellee had never had any trouble with his leg at the point of injury until after the occurrence of the falling lumber.

The evidence establishes the fact that, at the time of the accident, appellee was suffering from syphilis, and a year later the disease was found to be in its tertiary stage, being localized at the point of the injury to the

Gilcrest Lumber Co. v. Rengler.

leg, up to the time of which occurrence it had remained dormant; that an ulcer formed and had not entirely healed a year after the accident and appellee's disability arises from this ulcer in his leg. The district court allowed claimant for full disability up to the date of the decree and until such time as it is shown disability has ceased, and the employer has appealed.

The question of fact for determination is: What ., the proximate cause of appellee's condition, the accidental injury to the leg or the disease? Appellant claims that it is solely due to the disease, and that therefore it did not arise out of the employment.

There is considerable discussion in the evidence and briefs as to whether in a syphilitic patient trauma aggravates the disease or the disease aggravates the trauma, but this presents a question more academic than practical. Doctors for both sides agree that the healing processes will be retarded by the existence of a syphilitic condition of the blood, that is, an open wound which without specific or other infection would heal in, say, ten days, might not heal in as many months if syphilis were present. That the ulcer on appellee's leg appearing only four days after the injury and not healing for over a year was occasioned by the condition of the blood seems beyond question. According to the medical testimony, in the absence of such condition an ulcer would not be expected, or, if present, would not develop for three or four weeks, and would heal in much less time.

The crucial question, then, is whether or not there is any causal connection between the trauma and the disability of appellee. If such disability is attributable only to the disease, that is the only proximate cause; if, however, the disability is the result of a combination of trauma and disease, the former is a part of the proximate cause.

Dr. French, called by appellant, testified that the injury described by appellee, in the absence of syphilis, would not have caused any disability, and that in his

opinion the present disability was caused by the syphilitic condition and not the accident, and that he would expect to find the same condition of the shin bone if the accident had not happened. He also testified, however, that he would expect a different result for any injury such as appellee described in a person with syphilis and one without, and that "syphilis does aggravate the trauma," "because the slight disturbance we will say localized, upon any part of the body, will become aggravated by syphilis." Dr. Cameron testified that he diagnosed the case as periostitis, an injury to the covering of the bone, caused by a blow, and that thereby a running sore might be set up in a healthy person without breaking of the skin, and that he attributed appellee's condition in September when he left for California to both his blood condition and the injury to the leg.

We think the inference to be drawn from the testimony is that the primal cause of appellee's disability was the accident, aggravated by the disease from which he suffered. While Dr. French says he would expect to find the same condition of the shin bone if the accident had not happened, he does not say that the condition he found was entirely independent of causes set up by the accident; it is no more than to say that such an ulcer might exist without trauma; and his opinion that appellee's disability was caused by the disease and not the accident was not one which he was specially qualified to give as an expert, as the answer to that question is to be found by the application of the rules of logic rather than those of medicine. The evidence does not suggest any cause for the existence of the ulcer at the precise place of injury and so soon thereafter, other than the accident which occurred in the course of the employment. While it is true that the disease caused the wound to ulcerate, the evidence is most persuasive that without the wound there would have been no ulceration. We conclude that the accident was at least in part the proximate cause of appellee's disability, and the fact that his recovery was de-

layed by the existence of the disease will not prevent a full recovery.

*Hills v. Oval Wood Dish Co.*, 191 Mich. 411, was a quite similar case in which the period of disability was prolonged by the existence of the same disease which had remained inactive until the injury, and it was there contended, the same as here, that "compensation 'should be allowed only for the period for which the injury complained of would disable a person of average condition not suffering' from the disease;" but the court said: "We agree with the Industrial Accident Board that, under the circumstances of this case, the act does not contemplate any such apportionment of the period of disability as respondents ask for. Assuming that such disability is being prolonged by the disease, there is yet no point at which the consequences of the injury cease to operate. It is the theory of respondents, not that the consequences of the injury cease, but that they are prolonged and extended. There is no part of the period of disability that would have happened, or would have continued, except for the injury. The consequences of the injury extend through the entire period, and so long as the incapacity of the employee for work results from the injury, it comes within the statute, even when prolonged by preexisting disease."

In *Hanson v. Dickinson*, 188 Ia. 728, a hammer which the workman was using slipped and struck him on the leg causing a red spot and black and blue discoloration; the skin was not broken, and he thought it would get all right; about three weeks later the leg became inflamed and swollen and an operation disclosed the existence of gonorrheal arthritis; there was evidence that "hidden gonorrhea can be lighted up by a bruise." The court sustained the finding of the industrial commissioner that the striking of the leg by the hammer was the proximate cause of claimant's disability, although without the existence of the disease, the injury would have been of a trivial nature.

In *Ramlow v. Moon Lake Ice Co.,* 192 Mich. 505, it was held that the fact that claimant had so weakened his system by the excessive use of alcoholic liquors that he was unable to withstand the effects of the injury does not shift the proximate cause of his death from his injury to his intemperance.

It is generally held that the fact that a preexisting disease contributed to the disability does not affect the right to compensation, provided the accident produces physical conditions which in connection with the disease bring about the disability. *Big Muddy Coal & Iron Co. v. Industrial Board,* 279 Ill. 235. The test to be applied is, did the employment develop the injury in a material degree? *Hartz v. Hartford Faience Co.,* 90 Conn. 539.

The cases cited by appellant are not in point. *McCoy v. Michigan Screw Co.,* 180 Mich. 454, was where claimant claimed for the loss of his eye from steel splinters entering it, but it was shown that the gonorrheal infection was caused by rubbing the eye with his hand *after* the accident, and not by the presence of the steel splinters, and the court held that the proximate cause of the loss of the eye was the rubbing. *Spring Valley Coal Co. v. Industrial Commission,* 289 Ill. 315, in which it was shown that the whole effect of the accident had spent its force in an impairment of vision, which was fully compensated, but that the subsequent blindness was caused by choroiditis independent of the injury. No connection was shown between the cinders in the eye and the disease. The case of *Borgsted v. Shults Bread Co.,* 167 N. Y. Supp. 647, really makes for appellee, as it holds claimant entitled to compensation for the prolonged disability caused by the syphilitic condition of the blood, though refusing it for the loss of vision, as having no causal connection with the accident which caused a broken leg. In *Springfield District Coal Mining Co. v. Industrial Commission,* 300 Ill. 28, compensation was sought for an aggravation or acceleration of heart disease claimed to have resulted from the employee

having been caught and squeezed between two coal cars; and it was held that he could recover only upon proof that the disease had been aggravated or accelerated by the accident which was insufficient in that case; it was a claim of permanent disability. Counsel quotes from that case: "He is not entitled to compensation for a condition resulting from a preexisting disease and not from an injury suffered in the course of employment and arising out of it. If there is a preexisting disease the employee is entitled to recover for all the consequences attributable to the injury in the acceleration or aggravation of such disease." But that is very far from holding that compensation may not be awarded for an increased or prolonged disability occasioned by preexisting disease, where the injury itself brought about the condition which, in turn, caused the disease to become active. In the case at bar it was not necessary, if indeed it was possible, for appellee to show that a disease of the blood had been aggravated by a trauma; it was sufficient to show the trauma and resulting disability, though the latter was contributed to by the disease. The other cases cited, *Blackburn v. Coffeyville Vitrified Brick & Tile Co.*, 107 Kan. 722, and *Eastman Co. v. Industrial Accident Commission*, 186 Cal. 587, are distinguishable along the same lines.

We think the disability for which compensation was awarded arose out of and in the course of the employment, and that the decree below is right, and it is

AFFIRMED.