ORVILLE CHATT, ADMINISTRATOR, APPELLEE, V. MASSMAN CONSTRUCTION COMPANY, APPELLANT.

293 N. W. 105

FILED JUNE 21, 1940. No. 30859.

*Thomas E. Dunbar,* for appellant.

*Chatt & Ellenberger, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER and MESSMORE, JJ.

ROSE, J.

This is a proceeding under the workmen's compensation law. Comp. St. 1929, sec. 48-101.

The petition presented to the compensation court states in substance that August Doescher, an employee of Massman Construction Company, defendant, was engaged in the duties of his employment handling rough stones on a revetment project in course of construction by his employer on the Nebraska bank of the Missouri river in Burt county, near Tekamah, August 13, 1938; that while thus engaged employee slipped and fell into the river, injuring and bruising his right leg just below the knee; that, in wet clothing, he continued to work exposed to chill; that, as a result of the accident, injury, exposure and pain, he became disabled and with a high temperature died August 23, 1938; that he left surviving him as his only heirs at law and next of kin three minor children—Howard, age 18; Marian, age 14, and Donald, age 6; that employee's wages at the time of the accident were $28.80 a week. The claim on behalf of the dependent minor children was pleaded by plaintiff, Orville Chatt, administrator of the estate of August Doescher, deceased.

Defendant alleged in detail the following defenses: For a long time prior to the alleged accident, the employee was afflicted with arthritis; that he did not fall into the river; that he did not sprain his knee; that his death was the result of acute rheumatic fever, which was not an accident within the meaning of the compensation law; that his death was not the result of an accident arising out of and in the course of his employment.

The reply to the answer admitted that employee was afflicted with rheumatism for about 10 years prior to his death; denied that his condition was disabling immediately prior to August 13, 1938; admitted that his system still retained some unknown agent subjecting him to a recurrence of a rheumatic condition as a result of the accident, wetting and exposure August 13, 1938; denied that he suffered disabling bodily pain or injury immediately prior to the accident or previously; alleged that prior to August 13, 1938, he was accustomed to heavy manual labor; denied unadmitted allegations of the answer.

The petition of the administrator, plaintiff, was dismissed in the compensation court. On appeal to the district court the claim for compensation was allowed at the rate of $15 a week during the dependency of Donald Doescher and Marian Doescher, minor children of August Doescher, deceased, but not exceeding 325 weeks from August 23, 1938. From judgment therefor defendant appealed to the supreme court.

The employment of August Doescher by defendant, performance of employee's duties August 13, 1938, and his death August 23, 1938, are facts not in dispute. It was stipulated by the parties at the trial that compensation was allowable at the rate of $15 a week, if employee suffered a compensable injury August 13, 1938. Evidence of disabling, accidental injuries causing death was contradicted by defendant at the trial in the district court. The decision depends on which side a preponderance of the evidence falls.

William Sanders, a coemployee of Doescher, was work-

ing with him August 13, 1938, both making rock revetment or pavement to prevent erosion on the Nebraska bank of the Missouri river. As a witness Sanders testified in substance, among other things, as follows: The river bank was first sloped in a regular grade to the river and covered with a mat of four-inch boards extending beyond the edge of the water. The mat was held in place by anchor pilings in openings through it and by stones at the water line. Sanders and Doescher were cutting and using rough rock. They began paving at or near the top of the mat and worked downward with their backs to the river. The rock was supplied to them on wheelbarrows or by hand from a pontoon below on the river. As they worked downward on the mat the rock was gradually dumped behind them. Between 11 and 12 o'clock, Saturday, August 13, 1938, Doescher was just finishing the paving at the time and place indicated and was going out over the lower edge of the mat which extends beyond the water line. It is there submerged with ballast to prevent the river from cutting under the paving. Approximately 20 feet away, witness saw Doescher getting up. He had his hands on the paving in front of him and was getting off his knees. His clothing was wet from his waist down. The attention of witness was directed to Doescher at the time by George Pearce, another workman, who called, "Doescher is in the river." Doescher continued to work Saturday afternoon and on Monday. On the way home after the accident he limped on his right leg and complained of a localized spot on his right leg hurting him; was in bed Tuesday morning and was attended by a physician Wednesday evening when witness saw the right knee which was swollen.

Harold Hall, another witness, testified he was wheeling rock to the pavers at the time; dumped it behind them; Doescher was down by the water; saw him slip and fall into the river; slipped back into the water; legs under water; wet to waist line; did not change his clothes; worked the rest of the day; worked on Monday; limped on his right leg; saw him Tuesday evening in bed and saw his

right leg; right knee swollen. Another rock wheeler on the same project at the time said he saw Doescher falling into the water and remarked: "Doescher fell into the river;" got out of water, shook himself; rubbed his right knee with both hands and went back to work without changing his clothing; river water was chilly. The circumstances indicate the probability of such a mishap. The proof of the accident and of resulting injury was not overthrown by cross-examination of the witnesses who so testified nor by testimony in support of the defense that a pontoon, rocks and other obstructions in shallow water at or near the bank of the river disproved the accident on which plaintiff relies for compensation.

Dr. Leslie Sauer testified he examined Doescher August 16, 1938; took a history of the injury indicating that the latter's right knee hit on rocks and that he got a wetting; diagnosis, an injured, bruised or sprained and painful knee; other joints not then involved; observed nothing unusual about pulse or temperature; saw patient again August 18, 1938; right knee tender and pain severe; other joints not involved; diagnosis, acute rheumatic fever. Two days later, additional history of rheumatism for a number of years prior to accident; temperature and pulse abnormally high. Doescher was admitted to the Clarkson Hospital, Omaha, August 21, 1938, in care of Dr. Chester Thompson. The evidence shows that with a fever of 108 degrees the patient died August 23, 1938. Dr. Sauer said there was a bruised area about the size of a half-dollar on the knee below the joint and he expressed the opinion that the injury, the wetting and the working in wet clothing caused a flare-up in a dormant, preexistent rheumatic condition, resulting in the fatal rheumatic fever and that the trauma was a contributing cause of the rheumatic fever.

Dr. Chester Thompson, testifying from examinations of patient, from history given by the latter and from hypothetical questions, arrived at the same diagnosis and expressed the same opinion as Dr. Leslie Sauer on the cause of the patient's injury and death.

Dr. M. C. Howard, a witness for defendant, agreed with physicians for plaintiff in their diagnosis, but, in answering a hypothetical question, expressed the opinion that the acute rheumatic fever was not caused by trauma nor by immersion in water nor by the working of employee in wet clothing. He admitted, however, on cross-examination, assuming the existence of such facts, that an acute exacerbation or flare-up of dormant, preexistent rheumatism might be a precipitating factor in acute rheumatic fever, but adhered to his opinion that it was not caused by the accident or resulting shock or exposure. Of similar import is the testimony of another physician.

There is no direct evidence that Doescher did not fall or did not hurt his knee. The better view of the evidence is that, while hard at work shortly before noon on a warm day about the middle of August, he fell into river water cooler than the atmosphere and a little later ate his noon meal in wet clothing. It is not taxing common sense, common knowledge or reason too far to give credence to the opinion of physicians that shock was caused by the fall, by the trauma, and by the sudden change from warm atmosphere to chilly river water and reanimated the dormant disorder, under the circumstances disclosed by the evidence.

"It is sufficient to show that the injury and preexisting disease combined to produce disability." *Gilcrest Lumber Co. v. Rengler*, 109 Neb. 246, 190 N. W. 578; *Skelly Oil Co. v. Gaugenbaugh*, 119 Neb. 698, 230 N. W. 688.

A preponderance of the evidence proves the accident; that it arose out of and in the course of the employment; that the resulting injury was a contributing cause of the rheumatic fever. All other features of plaintiff's case were likewise proved.

Defendant demands the reversal of the judgment on the ground that the trial court erred in admitting in evidence a deposition which had never been filed in the office of the clerk of the district court of Burt county in compliance with law. A statute provides:

"Every deposition intended to be read in evidence on the

trial must be filed at least one day before the day of trial." Comp. St. 1929, sec. 20-1261.

Another section of the statute reads as follows:

"When a deposition has once been taken, it may be read in any stage of the same action or proceeding, or in any other action or proceeding, upon the same matter between the same parties, subject, however, to all such exceptions as may be taken thereto under the provisions of this chapter." Comp. St. 1929, sec. 20-1257.

The two sections quoted should be considered together in the present instance to give effect to both. The deposition in question was read in evidence before the compensation court. On appeal in the same case with the same parties it was submitted to the district court. In one court or the other it was subject to inspection and was available to both parties. It gave in public records its own advance notice of its contents and of its availability before it was offered in evidence in the district court. It served the purposes of both sections of the statute without bearing the filing stamp of the clerk of the district court and was properly admitted in evidence on appeal thereto.

An examination of the entire record fails to disclose an error prejudicial to defendant. It follows that the judgment below must be affirmed. Where a judgment for compensation under the workmen's compensation law is affirmed on appeal to the supreme court, a reasonable attorney fee for appellate services of counsel for claimant is taxable against employer as costs. Comp. St. Supp. 1939, sec. 48-125. Under this statute a fee of $150 is herein allowed.

AFFIRMED.