**Vera Lou WILLS for Lloyd Mason Wills, Claimant-Appellant,**

v.

**PENN DELL SALVAGE, INC., Employer-Appellee.**

Superior Court of Delaware, New Castle.

Jan. 25, 1971.

Victor F. Battaglia, of Biggs & Battaglia, Wilmington, for claimant-appellant.

Alfred M. Isaacs, of Flanzer & Isaacs, Wilmington, for employer-appellee.

OPINION

STOREY, Judge.

This is an appeal from a decision by the Industrial Accident Board denying claimant widow's petition for compensation

benefits following the death of her husband. Evidence before the Board indicates that on Sunday, April 23, 1967, claimant's husband's body was discovered under one of the wheels of his car in an area where claimant's husband had been working sorting scrap metal for the employer. The car engine was running and the transmission was in drive. Some pieces of scrap wire present in the area had been wrapped around the drive shaft of the car and a pair of wire cutters were found nearby. Testimony by the State Medical Examiner who examined the body and the State Chemist who analyzed a sample of decedent's blood revealed that decedent's jaw was broken, that blood was present in his mouth and that he was highly intoxicated at the time of his death. The State Medical Examiner further testified that in his opinion, death was caused by suffocation due to decedent's inability to rid himself of blood seeping into his throat from the jaw injury. This inability to aspirate the blood was, in the opinion of the Medical Examiner, due to the decedent's intoxicated condition at the time of death. Based on this evidence, the Board found that decedent was in the course of employment at the time of death; that decedent's death was not due to his own recklessness; that the decedent was under the car removing wire from the shaft, that it moved a short distance over his jaw and broke it; and that the decedent, because of his intoxicated condition, was unable to rid himself of the blood dripping into his throat and suffocated. There being substantial evidence to support these findings of the Board, they must be accepted by this Court. Johnson v. Chrysler Corporation, 213 A.2d 64 (Del. Supreme Ct. 1965). Based upon these findings of fact, the Board denied compensation.

The issue in this case can perhaps be most simply stated as follows: Where an industrial accident of a type not generally considered fatal occurs, and where the accident itself is not caused by intoxication but nevertheless as a result of this intoxication death occurs, may compensation benefits be awarded?

19 Del.Code, Sec. 2353(b) provides in part that:

"If any employee be injured as a result of his intoxication, * * * he shall not be entitled to recover damages in an action at law, or compensation * * * under the compensatory provisions of this chapter. * * *"

It is the opinion of the Court that this section applies only where the accident resulting in injury is proximately caused by intoxication. See eg. 1A Larson, Workman's Compensation Law, Sections 34.31 through 34.34; 4 Schneider, Workman's Compensation, Section 1335. See also 43 A.L.R. 421 and cases therein. Notwithstanding the language of the statute, its plain meaning indicates that benefits are not to be denied merely because the injury flowing from a nonintoxication caused accident are increased by the employee's intoxicated state. In order for Sec. 2353(b) to apply, the employee's intoxication must be an active proximate cause of the injury, not a passive condition which aggravates an injury otherwise caused. In Ramlow v. Moon Lake Ice Co., 192 Mich. 505, 158 N.W. 1027 (1916), wherein the employee fractured two bones in his leg and thereafter died from an attack of the delirium tremens, the Court, in allowing workmen's compensation benefits, stated that:

"The fact that his (the employee/decedent's) system had been so weakened by his intemperate habit that it was unable to withstand the effects of the injury does not thereby shift the proximate cause of death from his injury to his intemperate habit." (Citations omitted.)

Under the facts, as found by the Board in this case, the Board erred in denying compensation benefits. Reversed and cause remanded for further proceedings consistent herewith.

It is so ordered.