**PENN DEL SALVAGE, INC., Employer
Below, Appellant,**

v.

**Vera Lou WILLS for Lloyd Mason Wills,
Claimant Below, Appellee.**

Supreme Court of Delaware.

Sept. 28, 1971.

Alfred M. Isaacs of Flanzer & Isaacs, Wilmington, for appellant.

Victor F. Battaglia of Biggs & Battaglia, Wilmington, for appellee.

**614**

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

PER CURIAM:

This is an appeal from a judgment of the Superior Court reversing an order of the Industrial Accident Board which refused to award compensation for the death of an individual.

■ The case involves construction of 19 Del.C. § 2353(b) which reads in part as follows:

> "(b) If any employee be injured as a result of his intoxication, * * * he shall not be entitled to recover * * * compensation * * *."

The construction of this provision of the Workmen's Compensation Law was well considered in the opinion below, Wills v. Penn Del Salvage, 274 A.2d 144 (Del. Super., 1971). We think the trial judge reached the proper conclusion. Under the facts presented and set forth in that opinion, there is no doubt that the reversal by the Superior Court of the action of the Industrial Accident Board was proper. We therefore affirm the decision below on the basis of the trial court's opinion.

■ The employer argues, however, before us that the Board made no finding of proximate cause in this case, and that, if we affirm the ruling of the Superior Court, we necessarily must remand the cause with instructions to remand to the Industrial Accident Board for the purpose of making a finding as to proximate cause. We think, however, to the contrary. The Board found that the moving of the car against the decedent and the breaking of his jaw caused the flooding of his throat with blood which, by reason of his intoxication, he was unable to spit out and suffocated as a consequence. Implicit in this finding is that the injury suffered by the decedent, i. e., the breaking of his jaw, which the Board found occurred in the course of his employment, was compensable. His intoxicated condition accentuated the injury thus causing his death. The case therefore falls squarely within the authorities cited in the trial court's opinion, and we think implicitly the Board made a finding of fact to that effect.

The judgment below is affirmed.