**TEXAS EMPLOYERS' INS. ASS'N v. PARR.**
**(No. 3195.)**

Court of Civil Appeals of Texas. Amarillo.
March 27, 1929.

Rehearing Denied April 17, 1929.

Bullington, Boone, Humphrey & King and John Q. Humphrey, all of Wichita Falls, for appellant.

Allred & Allred, of Wichita Falls, for appellee.

RANDOLPH, J. Edward A. Parr, complaintant, filed with the Industrial Accident Board his claim for compensation for total disability caused by injuries received in the course of his employment while working for the Texas Pipe Line Company, in Wichita Falls, Tex.; the Texas Employers' Insurance Association being the insurer of said employer. The Industrial Accident Board made an award in favor of said Parr, and he, not being satisfied with the award, filed suit in the district court of Wichita county in due time to set it aside and asking for a judgment for greater compensation and to have same paid in a lump sum. The district court of Wichita county, on trial of the case de novo, rendered judgment in favor of claimant, Parr, and against the Texas Employers' Insurance Association; and from such judgment an appeal has been taken to this court by the association.

The questions presented on this appeal arise upon the issues submitted to the jury and their answers thereto and upon a question of the sufficiency of the pleading in connection with the evidence introduced.

In answer to the issues submitted to them, the jury found, substantially:

"(1) Was plaintiff E. A. Parr injured on or about the 2nd day of May, 1927, in the course of his employment with the Texas Pipe Line Co.?" Answer: "Yes."

"(2) Did the injury, if any, suffered by the plaintiff E. A. Parr, result in his total incapacity?" Answer: "Yes."

"(3) Was said total incapacity, if any, permanent?" Answer: "Yes."

The court also gave, at the request of the defendant, the following special issues:

"No. 14. If you have found that the plaintiff Edward Parr's condition is a result of other causes than his injury, and further find that his injury, if any, also contributed to said condition, then find what percentage of such incapacity is chargeable to the injury, if any, that said Edward Parr received on or about May 2, 1927?" This the jury answered: "75 per cent. due to the injury."

"No. 15. Is the plaintiff Edward Parr's present condition solely caused from his condition of arthritis and his high blood pressure or other causes than his physical injuries, if any, he received on May 2, 1927?" Answer: "No."

"No. 17. Are the injuries, if any, which Edward Parr received on or about May 2, 1927, at the present time affecting Edward Parr?" Answer: "Yes."

"No. 12. Was the injury, if any, which the plaintiff Edward Parr received on May 2, 1927, the direct and proximate cause of the condition of the plaintiff Edward Parr at the present time?" Answer: "Yes."

"No. 13. Did the plaintiff's condition of arthritis and his high blood pressure directly and proximately cause the condition of the plaintiff Edward Parr at the present time?" Answer: "No."

The defendant assigns as error, under propositions Nos. 1, 2, 3, and 4, the overruling of its request for a peremptory instruction in its favor; that the plaintiff did not sustain total permanent incapacity for work resulting from the injury as pleaded by him, but that his condition or incapacity is due to a concurrence with a previous injury which was not pleaded by the plaintiff as a ground for recovery, and hence the plaintiff was not entitled to recover; that the judgment is contrary to the evidence and to the finding of the jury; that, under the evidence, the plaintiff was not entitled to the amount of the judgment rendered by the court, and for the further reason that the jury found that only 75 per cent. of the plaintiff's incapacity was chargeable to the injury, and therefore the judgment was excessive.

The basis of all the above contentions is that, at the time the accident occurred by which the plaintiff claims he was so injured, he was then suffering from an injury, to wit, arthritis, a rheumatic complaint, which had inflicted an injury to the physical structure of body, and that the subsequent injury only contributed to the damage or harm previously suffered by him to the physical structure of his body.

It will be understood that the plaintiff brought suit for compensation for the injury inflicted on May 2, 1927, to which the defendant replied only by a general denial, neither party in any form setting up the condition of the plaintiff as having been contributed to by disease.

As supporting its contention, the defendant calls our attention to the language of section 12c, art. 8306, of the Revised Civil Statutes of Texas, which provides:

"If an employee who has suffered a previous injury shall suffer a subsequent injury which results in a condition of incapacity to which both injuries or their effects have contributed, the association shall be liable because of such injury only for the compensation to which the subsequent injury would have entitled the injured employee had there been no previous injury."

We will now discuss some of the authorities cited by the defendant to sustain its contention that the "injury" referred to in the above-quoted section 12c covers and intends the consequences of disease upon the physical structure as well as accidental injury.

Gilmore v. Lumbermen's Reciprocal Association (Tex. Com. App.) 292 S. W. 204, is not

applicable here. In that case the employee had lost an eye by a prior accident, and the question as to whether or not the Legislature, when enacting such subdivision 12c, intended to include injuries inflicted by disease, is nowhere at issue. Again, as the Supreme Court only approves the judgment rendered by the Commission of Appeals, we are not authorized to rely upon the opinion in that case to sustain a judgment in this.

In the case of State Industrial Commission v. Newman et al., 222 N. Y. 363, 118 N. E. 794, the employee had lost a hand by a prior injury. We further find in this last named case that the statute of New York is not identical with our subdivision 12c, in that, instead of using the words "previous injury," the New York statute provides that, if the employee is suffering from a "previous disability," he shall not receive compensation for a later injury in excess, etc.

In the case of Gilcrest Lumber Co. v. Rengler, 109 Neb. 246, 190 N. W. 578, 28 A. L. R. 200, cited by the appellant, where the doctors had testified that the employee was suffering from a chronic malady, and the appellant in that case contended that the employee's disability was not caused by the accidental injury, but was caused by the disease, the Supreme Court of Nebraska held:

"We think the inference to be drawn from the testimony is that the primal cause of appellee's disability was the accident, aggravated by the disease from which he suffered. While Dr. French says he would expect to find the same condition of the shin bone if the accident had not happened, he does not say that the condition he found was entirely independent of causes set up by the accident; it is no more than to say that such an ulcer might exist without trauma; and his opinion that appellee's disability was caused by the disease and not the accident was not one which he was specially qualified to give as an expert, as the answer to that question is to be found by the application of the rules of logic rather than those of medicine. The evidence does not suggest any cause for the existence of the ulcer at the precise place of injury and so soon thereafter, other than the accident which occurred in the course of the employment. While it is true that the disease caused the wound to ulcerate, the evidence is most persuasive that without the wound there would have been no ulceration. We conclude that the accident was at least in part the proximate cause of appellee's disability, and the fact that his recovery was delayed by the existence of the disease will not prevent a full recovery. Hills v. Oval Wood Dish Co., 191 Mich. 411, 158 N. W. 214, was a quite similar case in which the period of disability was prolonged by the existence of the same disease which had remained inactive until the injury, and it was there contended, the same as here, that—

"'Compensation "should be allowed only for the period for which the injury complained of would disable a person of average condition not suffering" from the disease.'

"But the court said:

"'We agree with the Industrial Accident Board that, under the circumstances of this case, the act does not contemplate any such apportionment of the period of disability as respondents ask for. Assuming that such disability is being prolonged by the disease, there is yet no point at which the consequences of the injury cease to operate. It is the theory of respondents, not that the consequences of the injury cease, but that they are prolonged and extended. There is no part of the period of disability that would have happened, or would have continued, except for the injury. The consequences of the injury extend through the entire period, and so long as the incapacity of the employee for work results from the injury, it comes within the statute, even when prolonged by pre-existing disease.'

"In Hanson v. Dickinson, 188 Iowa, 728, 176 N. W. 823, a hammer which the workman was using slipped and struck him on the leg causing a red spot and black and blue discoloration; the skin was not broken, and he thought it would get all right; about three weeks later the leg became inflamed and swollen and an operation disclosed the existence of gonorrheal arthritis; there was was evidence that 'hidden gonorrhea can be lighted up by a bruise.' The court sustained the finding of the Industrial Commissioner that the striking of the leg by the hammer was the proximate cause of claimant's disability; although, without the existence of the disease, the injury would have been of a trivial nature.

"In Ramlow v. Moon Lake Ice Co., 192 Mich. 505, 158 N. W. 1027, L. R. A. 1916F, 955, it was held that the fact that claimant had so weakened his system by the excessive use of alcoholic liquors that he was unble to withstand the effects of the injury does not shift the proximate cause of his death from his injury to his intemperance.

"It is generally held that the fact that a pre-existing disease contributed to the disability does not affect the right to compensation provided the accident produces physical conditions which in connection with the disease bring about the disability. Big Muddy Coal & Iron Co. v. Industrial Board, 279 Ill. 235, 116 N. E. 662. The test to be applied is, did the employment develop the injury in a material degree? Hartz v. Hartford Faience Co., 90 Conn. 539, 97 A. 1020." See, also, Pace v. North Dakota Workmen's Compensation Bureau, 51 N. D. 815, 201 N. W. 348, 352.

We cannot agree with the appellant that the "previous injury" named in subdivision 12c includes injury to the physical structure of the body caused by diseases prior to the

infliction of the accidental injury. The language of the Workmen's Compensation Act, taken as a whole, indicates most clearly that the injury intended is "accidental injury" and such "diseases or infection as naturally result therefrom," as defined by section 1, subdivision 5 of article 8309, R. C. S.

In giving the definition of the term "injury sustained in the course of employment," section 1, subd. 4, art. 8309, R. C. S., after naming the inclusive acts of God, injuries inflicted by third persons, etc., and injury received while in the state of intoxication, and an injury received in the willful attempt of the employee to injure himself, etc., concludes: "But shall include all other injuries of every kind and character *having to do with and originating in the work, business, trade or profession of the employer* received by an employee while engaged in or about the furtherance of the affairs or business of his employer, whether upon the employer's premises or elsewhere." (Italics ours.) It will be seen that this last statute could not have, and did not have, reference to a diseased condition of the employee which did not grow out of or originate in his work. This construction of our statute is given strength by the fact that the New York Legislature felt called on to use the words "previous disability" in lieu of "previous injury"—evidently thereby intending to make the language more inclusive.

The appellant's contention that the jury's answers to issues 1, 2, and 3 conflict with their answer finding that 75 per cent. of the plaintiff's disability was chargable to the injury, and, inferentially, that 25 per cent. was chargeable to arthritis, must be overruled. Millers Ind. Underwriters v. Schrieber (Tex. Civ. App.) 240 S. W. 963, writ denied.

But, should we be wrong in our conclusion that those issues are not conflicting, such finding of the jury that 75 per cent. of the plaintiff's disability was occasioned by the injury becomes immaterial, in view of our holding that the pre-existing disease contributing to the disability does not affect the right to compensation, provided the accident produces the physical condition which, in connection with the disease, brings about the disability. Consequently, the trial court did not err in failing to so enforce compensation as to give only 75 per cent. compensation.

The facts in evidence established that the plaintiff was in apparent good health and capable of doing the work assigned him; that, if he was afflicted with arthritis prior to the injury, he did not know it; that up to the time of the injury, he had suffered no diminution in his ability to labor.

Finding no reversible error, we affirm the trial court's judgment.