### TEXAS INDEMNITY CO. v. McNEW.
#### No. 9700.

Court of Civil Appeals of Texas.
San Antonio.

Jan. 22, 1936.

Rehearing Denied Feb. 19, 1936.

Charles I. Francis, of Houston, T. R. Freeman, of Dallas, J. Turner Vance, of Refugio, and Raybourne Thompson and Vinson, Elkins, Sweeton & Weems, all of Houston, for appellant.

Hull & Oliver, of San Antonio, for appellee.

MURRAY, Justice.

Appellee, Joe McNew, instituted this suit against Texas Indemnity Insurance Company, seeking to recover, under the provisions of the Workmen's Compensation Insurance Act (Vernon's Ann.Civ.St. art. 8306, et seq.), for disability arising from an injury which he alleges he received while working for the Atlantic Pipe Line Company.

The trial was to a jury, and, upon the jury's answers to the issues submitted, judgment was entered below in McNew's favor for a lump sum recovery of $4,713.27. From that judgment the insurance company has prosecuted this appeal.

Appellant's first proposition is that it was entitled to have submitted to the jury an affirmative issue as to what percentage of appellee's incapacity was due to a prior injury, where such defense was raised by the pleadings and evidence.

It is well to here state that this cause was submitted to the jury by eleven special issues. The jury found, by its respective answers, as follows:

No. 1. That appellee was an employee.

No. 2. That he received the injury.

No. 3. That the injury was accidental.

No. 4. That he received the injury in the usual course of his employment.

No. 5. That he suffered physical disability arising from the injury.

No. 6. That the injury directly contributed to the plaintiff's physical disability.

No. 7. That the physical disability arising from said injury was total.

No. 8. That such physical disability was permanent.

Nos. 9 and 9a. The amount of his daily wages.

No. 10. That his compensation should be paid in a lump sum.

No. 11. That his physical condition was not due solely to causes independent of and not connected with his employment.

Appellant requested three special issues, which were refused by the trial court, and one of these special issues seeks to have the jury answer what per cent. of appellee's disability was due to a prior injury.

We conclude that the evidence was insufficient to raise the issue of a prior injury contributing to appellee's present disability. The evidence shows that appellee, McNew, positively denied that he had ever had a prior back injury or that he had ever told anybody that he had ever had such a back injury, but finally, under cross-examination, admitted that he might have had such an injury, but, if so, only a very slight injury, but that he had no recollection of any back injury. Appellant produced two witnesses who testified that, about a year prior to the injury involved in the present suit, he had told them he had received an injury; one testifying that he had stated it was a side injury, and the other, either a side or a back injury. The extent of the injury is not shown otherwise than that it was a very slight injury. It is not shown that the injury caused any disability even at that time. Texas Employer's Ins. Ass'n v. Heuer (Tex.Civ.App.) 10 S.W.(2d) 756.

Appellant contends that appellee, being an interested witness, the credibility of his testimony was for the jury. This is the general rule, but the trouble here is that all of the testimony as to the extent of the prior injury is given by appellee, and, if his testimony as to this be discredited, then appellant would have no testimony upon which to rely.

We are referred to section 12c of article 8306, which reads as follows: "If an employee who has suffered a previous injury shall suffer a subsequent injury which results in a condition of incapacity to which both injuries or their effects have contributed, the association shall be liable because of such injury only for the compensation to which the subsequent injury would have entitled the injured employee had there been no previous injury."

In Texas Employers' Ins. Ass'n v. Clark (Tex.Civ.App.) 23 S.W.(2d) 405, 409 (writ refused), section 12c is very properly construed by the following language of Judge Hickman: "Considering the provision in the light of the purposes of the Workmen's Compensation Law, we think it clear that where the word 'injury' is used in the quoted section, the Legislature clearly intended compensative injury, or injury for which compensation is provided under the terms of the law. No other injury was the subject of the legislation."

The evidence does not even hint that the supposed prior injury was a compensative injury. The court did submit by issue No. 11 the special defense pleaded by appellant, which was, in substance, that appellee's physical condition was due solely to causes independent of and not connected with his employment. Appellant's first proposition will be overruled.

■ Appellant's next complaint is, in effect, that the jury's affirmative answer to issue No. 6, inquiring of the jury if the injury which appellee received in the course of his employment directly contributed to his physical disability, was insufficient to discharge the burden resting upon appellee to seek and secure from the jury a finding that there was a causal connection between his injury and his disability. It might have been better to have inquired if the injury was a producing cause of the disability, followed by a proper definition of producing cause. Travelers' Ins. Co. v. Peters (Tex.Com.App.) 14 S.W.(2d) 1007; Texas Employers' Ins. Ass'n v. Burnett (Tex.Civ.App.) 77 S.W.(2d) 742, 746. However, issue No. 6 was a sufficient finding to establish the necessary causal connection between the injury and the disability.

■ It is true that, in the Peters Case, supra, Judge Leddy used the language that the injury must be the producing cause of the incapacity, but he certainly did not mean by the use of the word "the" to imply that the injury must be the sole producing cause of the incapacity. It was evidently used in the sense of "one of the" or "a" producing cause. To require that, before recovery can be had under the Workmen's Compensation Law, that workman must secure a fact finding that his injury is the sole producing cause of his incapacity, would be to exact under this law a more onerous task than is exacted in a common-law suit for damages, where a finding that a certain act was "a" proximate cause of the injury is sufficient. Texas Employers' Ins. Association v. Burnett, supra.

Accordingly, the judgment is affirmed.