**TRADERS & GENERAL INS. CO. v. WYRICK.**

No. 10291.

Court of Civil Appeals of Texas. San Antonio.

June 8, 1938.

Rehearing Granted June 29, 1938.

Lightfoot, Robertson & Gano and Dan P. Johnston, all of Fort Worth, Raymond, Algee & Alvarado, of Laredo, and Joe Dickson, T. M. West, and C. S. Arnold, all of San Antonio, for appellant.

S. D. Stennis, of Pampa, for appellee.

SMITH, Chief Justice.

This is a workmen's compensation case in which John W. Wyrick, an employee, recovered lump sum compensation, as for permanent total incapacity, from Traders & General Insurance Company, which has appealed.

The jury found that on May 26, 1936, appellee sustained an accidental injury in the course of his employment with the subscriber; that said injury was "a producing cause" of a present incapacity, which was total and permanent; that appellee had received prior injuries, in August, 1933, and August, 1935, which said prior injuries "did contribute to his present incapacity to work"; that 66⅔ per cent of his present incapacity "resulted alone from" the subsequent injury (May 26, 1936) upon which this claim is based.

The trial court, upon motion, rendered judgment as for total permanent incapacity, notwithstanding the jury findings that appellee's prior injuries, in 1933 and 1935,

924

"did contribute to his present incapacity," and that only 66⅔ per cent of his present incapacity "resulted alone from" the subsequent injury upon which the claim in suit was based. The court disregarded those findings upon the theory that there was no evidence to sustain them, and that such findings were immaterial.

Appellee pleaded and rested his case solely upon permanent total incapacity, and made a prima facie case thereon, both in the pleadings, evidence and findings. On the other hand, appellant was content to plead partial and temporary incapacity, without offering, or adducing from appellee's witnesses, any evidence thereon; it put on no evidence for any purpose. We have carefully examined the record and are of the opinion that appellant did not meet the burden resting upon it of adducing sufficient affirmative evidence to raise the issues of partial and temporary incapacity. The issues were purely defensive, set up by appellant as the defendant, and the burden was upon it, as in all matters relied upon by a party defendant, to get sufficient evidence into the record to preponderate in favor of its special defenses. This appellant failed to do and its propositions one to six, inclusive, will be overruled.

It appears from the record that in August, 1933, appellee was operated on for a hernia, was incapacitated therefrom for a short time, and was paid some sort of insurance, in some undisclosed amount, by reason thereof. And, further, that in August, 1935, appellee sustained serious injury in an automobile accident, resulting in several weeks' disability, which, so far as the record shows, was not compensable and for which he was not compensated. The jury found that both said prior injuries "did contribute" to his present incapacity, but the court refused to submit appellant's requested issues as to the degree to which each prior injury so contributed, and also disregarded said findings, and, notwithstanding them, rendered judgment in his favor as for total permanent incapacity. Appellant complains of this disposition of the question and effect of the prior injuries, but we conclude no reversible error is presented in the matter.

In the first place, the record conclusively shows that for some months preceding his last injury appellee fully performed the arduous work of a "rough neck" in oil field activities, with the same ease and facility as his fellow employees and with greater ease than some of them, at times doing even more than his share of the work. His health, his ability to do his strenuous work, were not impaired by any condition resulting from his previous injuries. There is and can be no contention that the hernia operation affected in any degree his ability to work, or contributed to his subsequent incapacity. Under the statute appellee's hernia injury being compensable, and he having been compensated therefor, the amount of such compensation would be deductible from the amount of compensation accruing to him under his claim for total and permanent incapacity resulting from the subsequent injury, in proportion to the degree to which it contributed to the final incapacity. Art. 8306, § 12c. But, since the prior hernia injury contributed nothing to the incapacity following the subsequent injury, it will be disregarded in determining the amount of the award for the latter. Lawler, Tex. Compensation Law, § 117; Texas Employers' Ins. Ass'n v. Heuer, Tex.Civ.App., 10 S.W.2d 756; Texas Indemnity Co. v. McNew, Tex.Civ.App., 90 S.W.2d 1115.

Now, with reference to appellee's prior injury, sustained in an automobile accident in 1933, since it did not impair his ability to do the work assigned him in his subsequent employment, in the course of which he received the injury here involved; since it was not a compensable injury; since he was not compensated therefor, the fact, if true as found by the jury, that that injury contributed to his present incapacity, would not be given effect to cut down the amount of appellee's compensation for the present incapacity. Art. 8306, § 12c. The obvious purpose of § 12c is to prevent double recovery for the same incapacity; so that, if an employee receives a prior compensable injury, and is compensated for the resulting incapacity, and afterwards receives a second or successive injury, which, together with the prior injuries, result in total permanent incapacity, the compensation received for the prior injury must be deducted from the final award. But where the prior injury is not compensable and yet merely contributes to the incapacity following a subsequent injury, the employee will be entitled to full compensation for his ascertained incapacity. Texas Employers' Ins. Ass'n v. Parr, Tex.Civ.App., 16 S.W.2d 354; Id., Tex.Com.App., 30 S.W.2d 305;

Texas Employers' Ins. Ass'n v. Pugh, Tex. Civ.App., 57 S.W.2d 248; Casualty Reciprocal Exchange v. Dawson, Tex.Civ.App., 81 S.W.2d 284; Texas Indemnity Co. v. McNew, supra.

We hold that the prior injuries in the case cannot be given effect to cut down the award for total permanent incapacity following the final injury, for the reasons that the first injury, from a hernia operation, was conclusively shown not to have contributed to appellee's present incapacity; and the second injury, from an automobile accident, not being compensable, or at least not compensated, was not within the contemplation of § 12c, providing for deduction for successive injuries. We overrule appellant's propositions seven, eight, nine, ten and eleven.

The judgment is affirmed.

### On Motion for Rehearing.

Upon further consideration we have concluded that the evidence was such as to raise the issues of partial, and of temporary total, incapacity, and that the trial court erred in refusing to submit those issues. The error is, obviously, reversible.

Appellant's motion for rehearing will be granted and the judgment reversed and the cause remanded.