## SOUTHERN UNDERWRITERS v. GRIMES.

### No. 10775.

Court of Civil Appeals of Texas.
San Antonio.

Dec. 11, 1940.

Rehearing Denied Jan. 29, 1941.

Will R. Saunders and Henry D. Akin, both of Dallas, for plaintiff in error.

Dean B. Kirkham and David Coover, both of Corpus Christi, for defendant in error.

SMITH, Chief Justice.

In an appeal by Southern Underwriters, the insurance carrier, from an award of compensation to Thomas Charles Grimes, the employee, the latter recovered a lump-sum judgment as for permanent total dis-

ability, and the insurance company has prosecuted writ of error.

We have been favored with 369 pages of typewritten briefs in the case. Of course, we cannot be expected to be even proportionately verbose in discussing the few simple questions involved. The employee, Grimes, will be referred to as plaintiff and the insurance company as defendant.

It is first contended by defendant that the evidence was overwhelming that plaintiff was not toally and permanently disabled by the injuries he sustained within the contemplation of the compensation act, Vernon's Ann.Civ.St.Art. 8306 et seq. This contention is made under defendant's propositions 1 and 2 which must be overruled. We do not deem it necessary or profitable to set out the substance of the long drawn out evidence upon the issue of disability. It appears that plaintiff returned to work for the employer after lying in for sixteen weeks following the accident, and continued work in his old job or interchanging with other and related and less onerous jobs until the time of the trial. It is undisputed that plaintiff received very serious injuries in the accident, resulting, primarily, in a fractured and shattered jaw, concussion of the brain, the immediate loss of some of his teeth and ultimate loss of all of them. There was evidence tending to show that following those injuries, and because of them, plaintiff frequently or continuously suffers from extreme dizziness, violent headaches, emaciation, weakness, violent nausea, indigestion, nervousness; injured spinal cord and nerve centers, insomnia and inability to rest; loss of use of right arm and side; impaired eyesight, blind spells; greatly impaired mental processes and reflexes and senses of balance and equilibrium; loss of 85% of hearing in one ear and 100% in the other. We have taken this catalog of reactions from plaintiff's brief. The evidence was such as to justify jury findings to support most, if not all of them, or at least a sufficient number of them to sustain the ultimate finding of total permanent disability. Defendant points out the fact that four months after the injury plaintiff had returned to work and remained in that or similar but lighter work, and contends that that fact is so inconsistent with permanent total disability that the finding of the latter fact must be set aside, notwithstanding the evidence supports the subsidiary finding that plaintiff resumed and continued work only because of extreme economic necessity, and in spite of extreme pain and discomfort accompanying his efforts. The law seems to be that the fact that an injured employee resumes work after injury, but only under the whip of necessity, does not necessarily preclude a finding of total permanent disability; the latter issue remains, nevertheless, one of fact to be passed upon by the jury. 45 Tex. Jur. p. 588, § 161; Davies v. Texas Employers' Ins. Ass'n, Tex.Com.App., 29 S.W.2d 987; Texas Indemnity Ins. Co. v. Gannon, Tex.Civ.App., 38 S.W.2d 181; Texas Employers' Ins. Ass'n v. Teel, Tex. Civ.App., 40 S.W.2d 201; Traders & Gen. Ins. Co. v. Daniel, Tex.Civ.App., 131 S.W. 2d 276; Maryland Cas. Co. v. Dicken, Tex. Civ.App., 80 S.W.2d 800; Aetna Life Ins. Co. v. Bulgier, Tex.Civ.App., 19 S.W.2d 821. Therefore, under this rule the jury finding upon the ultimate issue, approved by the trial judge, is binding upon this Court.

In its third proposition defendant complains of the refusal of the trial court to submit to the jury defendant's special requested issue inquiring if "plaintiff's disability to work and labor had not ceased on April 12, 1938," when he first resumed his employment after his injury. In their answers to submitted issues the jury found that plaintiff's disability was not partial but total, and began on December 20, 1937 (date of accident) and was not temporary but permanent. We think these findings sufficiently cover the fact sought to be elicited by defendant in the requested issue, and the ruling complained of did not constitute reversible error. We overrule defendant's third proposition. Wright v. Traders & General Ins. Co., 132 Tex. 172, 123 S.W.2d 314.

The statute provides alternative methods of computing the average weekly wages of incapacitated employees for the purpose of determining the amount of compensation to be awarded them. Subd. 1 et seq., sec. 1, Art. 8309, R.S.1925, Vernon's Ann.Civ.St.Art. 8309 § 1, subd. 1 et seq. Defendant complains in its fourth proposition that those provisions of the statute were disregarded and violated in computing the award to plaintiff in this case. It may be, as defendant contends, that the statutory formula was technically disregarded below, but no injury was done defendant by the process, for the record shows, conclusively, that plaintiff was en-

titled as a matter of law to the full amount awarded, no matter what formula had been resorted to in computing the amount, and an award of a less amount could not have been sustained. The error, if any, was purely technical and harmless and does not warrant reversal. National, etc., Underwriters v. Rocamontes, Tex.Civ.App., 110 S.W.2d 228.

In its fifth proposition defendant complains of the submission of the issue of temporary incapacity in this form: "Do you find, from a preponderance of the evidence, that such total incapacity to work, if any you have found, resulted (resulting) from the injury, if any, of Dec. 20, 1937, is or will be temporary? Answer yes or no."

Defendant's objection is that by that submission the burden of proof was erroneously placed upon defendant. We overrule the proposition on the authority of Wright v. Traders & General Ins. Co., 132 Tex. 172, 123 S.W.2d 314; Southern Underwriters v. Cooper, Tex.Civ.App., 138 S.W.2d 563.

In several successive issues the trial court asked the jury to say, from a preponderance of the evidence, if plaintiff's incapacity was due solely to the accident involved, or was caused solely or contributed to by a certain previous injury, and at the conclusion of each such issue the court added the instruction: "Unless there is a preponderance of evidence in favor of the negative of this issue, you will answer it in the affirmative."

Defendant objected to this form of submission upon the ground that "same is confusing, conflicting and misleading on the question of the burden of proof." We overrule this contention, presented in defendant's propositions 6, 7, 8, 9, first, because the objection was too general to entitle it to consideration here. Besides, the instruction complained of places the burden upon plaintiff, and is not subject to the very general objection made by defendant.

The record shows that plaintiff was injured and incapacitated in an accident occurring nearly five years prior to the accident involved, and that he collected lump-sum compensation on a claim of permanent total incapacity from an insurance carrier in a compromise settlement of that claim, with the approval of the Industrial Accident Board. The evidence was suffi-
cient to show, and the jury found in this case, however, that the injuries sustained by plaintiff in that prior accident did not contribute to his present incapacity. The court also submitted the further inquiry if plaintiff's present incapacity was caused solely by the prior injury, which the jury answered in the negative. Defendant complains of the submission of the latter issue. The complaint is, obviously, without merit.

The record further shows that on January 5, 1939, and thirteen months subsequent to the injury involved here, plaintiff sustained a slight injury in the course of his employment with the employer in this case. The court submitted the inquiry if that subsequent injury was the sole cause of the disability for which plaintiff was awarded compensation in this case. The jury answered no. Defendant complains of this submission on the ground that it circumscribed defendant's theory that the incapacity here complained of was caused partially by the subsequent injury. Even if that submission was technically erroneous, we are of the opinion that there is no merit in defendant's complaint presented in its twelfth proposition, which is overruled. In the first place, there was no evidence, or insufficient testimony, that the minor injury of January 5th contributed in the least to the incapacity for which plaintiff recovered compensation in this case.

With reference to deductions to be made from compensation awards on account of other or contributing causes of disability it is provided by statute, Art. 8306, Sec. 12c, R.S.1925: "Sec. 12c. If an employe who has suffered a previous injury shall suffer a subsequent injury which results in a condition of incapacity to which both injuries or their effects have contributed, the association shall be liable because of such injury only for the compensation to which the subsequent injury would have entitled the injured employe had there been no previous injury."

The provision plainly refers to injuries occurring before or concurrently with the injury for which compensation is sought and not afterwards, as in the case of the injuries sustained by plaintiff on January 5, 1939 (Texas Employers Ins. Ass'n v. Pierson, Tex.Civ.App., 135 S.W.2d 550), and is therefore inapplicable here.

The injury of January 5th cannot affect this case for the further reason that

that injury was not compensable, as an injury must be in order to affect the award of compensation in claims made under the provisions of our compensation act. Traders & General Ins. Co. v. Wyrick, Tex. Civ.App., 118 S.W.2d 923.

Defendant's contention is unavailable to show reversible error for the further reason that the record shows, conclusively, that there was no causal connection between plaintiff's current incapacity and the slight injury sustained by him on January 5th, and that the latter injury contributed nothing towards the incapacity following the injury involved in the award in this case. Traders & General Ins. Co. v. Wyrick, supra; Texas Employers' Ins. Ass'n v. Pugh, Tex.Civ.App., 57 S.W.2d 248. For the reasons stated we overrule defendant's twelfth proposition, and, for like reasons, its propositions 11, 13, 14 and 15.

We also overrule defendant's propositions 16 and 17, in which complaint is made of arguments made by counsel for plaintiff. The qualified bills of exception in which these complaints are presented negative defendant's contention of reversible error.

In its eighteenth proposition defendant complains of the following special issue in the form submitted to the jury: "Do you find from a preponderance of the evidence that Grimes sustained personal injuries to his body on or about the 20th day of December, 1937, by being struck on the jaw by a piece of drill stem, if he was?"

Defendant's objections to the issue are that "same is too vague, indefinite and uncertain and does not confine the jury in its deliberations to the particular type and character of injuries alleged by cross-plaintiff in his pleadings and upon which there is evidence in this case, but is too general and permits the jury to speculate upon the nature and character of injuries about which the court makes inquiry."

These objections were buried in a sixty-four page labyrinth of other hypercritical and frivolous criticisms of the court's charge, tending to entrap and confuse rather than aid the trial judge in submitting the cause to the jury. Defendant's eighteenth proposition is without merit, and is overruled, as is its prototype, the nineteenth proposition.

The judgment is affirmed.