**TEXAS GENERAL INDEMNITY COMPANY, Appellant,**

v.

**Billy J. SAVELL, Appellee.**

No. 13750.

Court of Civil Appeals of Texas.

San Antonio.

June 7, 1961.

he suffered on October 7, 1957. It was agreed that he was totally incapacitated until May 29, 1958, and the jury found that he suffered permanent partial incapacity after that date. It was admitted that plaintiff sustained a prior back injury on September 3, 1952, and that his compensation suit for that prior injury was settled. Defendant requested two issues:

"Do you find from a preponderance of the evidence that Plaintiff's incapacity, if any you have found, is not solely caused by his back condition or injuries existing or sustained before October 7, 1957, disconnected with and not aggravated by the injury sustained by him on October 7, 1957?"

"Do you find, from a preponderance of the evidence, that the prior injury of September 3, 1952, has not contributed to the incapacity, if any you have found, to plaintiff?"

■ The court submitted the first request and the jury found that the prior injury did not solely cause the present injury. The court refused the inquiry whether the prior injury was a partial cause of the present injury. Article 8306, § 12c, entitles the defendant to the defense that a prior compensable injury contributed to the present condition.[1] A pre-existing compensable injury, to defeat a claimant in part, need not be the sole cause of the incapacity. Traders & General Ins. Co. v. Watson, Tex.Civ. App., 131 S.W.2d 1103, 1107. Mr. Justice Grissom, in the Watson case, stated the correct rule:

"Upon another trial if there is evidence that claimant suffered a prior injury and that the result of such injury contributed to claimant's present incapacity, the court should submit to

Lewright, Dyer & Redford, Corpus Christi, Charles L. Cartwright, Houston, Reese D. Wade, Beeville, for appellant.

Stanley F. Swenson, Houston, John N. Barnhart, Beeville, for appellee.

POPE, Justice.

This is a workman's compensation case. The controlling point on appeal is whether defendant's requested issue inquiring whether a prior injury contributed to plaintiff's present incapacity was raised by the pleadings and by the evidence. Plaintiff, Billy J. Savell, obtained a judgment on a verdict for an accidental back injury which

1. "Art. 8306, * * * Sec. 12c.
 "If an employee who has suffered a previous injury shall suffer a subsequent injury which results in a condition of incapacity to which both injuries or their effects have contributed, the association (Texas Employers' Insurance Association) shall be liable because of such injury only for the compensation to which the subsequent injury would have entitled the injured employee had there been no previous injury; * * *."

the jury whether claimant's prior injury has contributed to claimant's present incapacity, and, if so, what percentage of plaintiff's present incapacity, if any, has resulted solely from the subsequent injury."

See also, Texas Employers' Ins. Ass'n v. Fletcher, Tex.Civ.App., 214 S.W.2d 873; Texas Employers' Ins. Ass'n v. Griffis, Tex. Civ.App., 141 S.W.2d 687, 690. The requested issue was a proper inferential rebuttal issue. Hodges, Special Issue Submission in Texas, § 16.

 In our opinion, the defensive pleadings raised the requested issue which the court refused. Defendant pleaded that "If plaintiff sustained injury and if plaintiff had any incapacity to perform the usual tasks of a workman, or any diminution of his earning capacity, such diminution was due solely to prior accidents and resultants therefrom, having no relation whatsoever to the accident alleged in plaintiff's petition, * * *." Plaintiff argues that defendant pleaded the prior injury as the sole cause of the present condition, and that such a pleading will not support an issue on partial cause. On analogy, we disagree with the reasoning. In the case of the claimant, it has often been held that a pleading of the greater will include the lesser. "An employee having pleaded total disability could, if the evidence raised it, recover for partial disability without the necessity of having specially pleaded partial disability." Southern Underwriters v. Boswell, 138 Tex. 255, 158 S.W.2d 280, 282; Liberty Mutual Ins. Co. v. Taylor, Tex.Civ.App., 244 S.W.2d 350; Texas Employers' Ins. Ass'n v. Mallard, Tex.Civ.App., 192 S.W.2d 302; Traders & General Ins. Co. v. Diebel, Tex.Civ. App., 188 S.W.2d 411; Traders & General Ins. Co. v. Snow, Tex.Civ.App., 114 S.W.2d 682. On principles of equal justice, a defendant who pleads a prior injury as a total defense may prove and obtain an issue to determine if it is a partial defense.

Plaintiff also argues that the issue was properly denied because the most that the evidence showed was a predisposition to back injuries, and that all the evidence demonstrated that plaintiff had made complete recovery from the prior accident. In other words, he urges that there was no evidence that the prior injury contributed to cause the present incapacity. In this the plaintiff is mistaken. There was evidence that the plaintiff was injured in 1952, that thereafter his back got worse, that he tried to work, but that he took a "sitting down job." He later worked as a maintenance man but when his employer asked him to work on an oil rig, he could not do the work on account of his back. He stated that as late as 1957 he was restricted in his activities. He had blackouts, he could not climb, could not dig ditches, use a sledge hammer. He was supposed to stay on light duty. The evidence raised the requested issue. The evidence in Indemnity Insurance Company of North America v. Carrell, Tex.Civ.App., 318 S.W.2d 744, 747, relied upon by plaintiff, is unlike the present situation, since in that case there was "no evidence to connect these old injuries with plaintiff's present incapacity * * *." Accord, Traders & General Ins. Co. v. Wyrick, Tex.Civ. App., 118 S.W.2d 923; Texas Indemnity Co. v. McNew, Tex.Civ.App., 90 S.W.2d 1115.

 We would reverse the cause for another reason. Counsel for plaintiff concluded his argument by stating that the Lord requires jurors to protect "a little man against Pan American and Texas General Indemnity Company."[2] This is a pure ap-

2. "In closing all I can say is this: somebody that is greater than all of us has said, 'What doth the Lord require of thee, but to do justice, love mercy and walk humbly with thy God.' And, as you out there answer these questions, I say you aren't doing justice if you take a little man up against Pan American and Texas General Indemnity Company, and Mr. Dyer, with his thirty-five years under fire, and don't give him the benefit of the doubt, if there be any, and when

peal to passion. It arrays the little against the big, the weak against the strong, the poor against the wealthy. Those are not the issues. Western Cottonoil v. Gillit, Tex.Civ. App., 270 S.W.2d 512; Byrne v. Williams, Tex.Civ.App., 45 S.W.2d 336; Jarbet Co. v. Hengst, Tex.Civ.App., 260 S.W.2d 88, 93–94.

The judgment is reversed and the cause remanded.

the weight of the evidence in his favor give it to him, and you aren't loving mercy * * *. You have got a flesh and blood client here against the General Insurance Company of some kind or another * * *. And you aren't walk-ing humbly with thy God if you go on out and try to hurt a man who has enough guts to work even though his whole back is hurting. I will leave it with you."