**GULF, COLORADO & SANTA FE RAILWAY CO., Petitioners,**

v.

**George H. BLISS et al., Respondents.**

**No. A–9293.**

Supreme Court of Texas.

May 8, 1963.

Rehearing Denied June 26, 1963.

McLeod, Mills, Shirley & Alexander, Galveston, Chilton O'Brien, Beaumont, for petitioners.

George E. Murphy, City Atty., King, Sharfstein & Rienstra, Beaumont, for respondents.

CULVER, Justice.

George Bliss and others brought this action against Gulf, Colorado & Santa Fe

Railway Company and the City of Beaumont for damages to their residential properties caused by flood waters. They alleged in their Second Amended Original Petition that, by reason of certain negligent acts and omissions on the part of Santa Fe, together with acts on the part of the City of Beaumont, flood water was caused to be diverted into their homes and thus brought about the damages complained of. City of Beaumont in its answer denied that it was in any wise negligent and alleged that whatever damages were sustained by the plaintiffs were caused solely by the acts, conduct and omissions of Santa Fe and prayed that in the event plaintiffs recover against the City that the City have indemnity or contribution against Santa Fe. Likewise Santa Fe denied plaintiffs' allegations of negligence and asserted that certain acts on the part of the City of Beaumont constituted negligence and that such negligence was the sole proximate cause of the damages to plaintiffs' homes and the contents thereof, and prayed that it have judgment over and against the City of Beaumont for the full amount of any recovery against Santa Fe or in the alternative for contribution.

The jury found that Santa Fe did not fail to maintain the necessary culverts as required by the natural lay of the land for necessary drainage, but did find that Santa Fe was negligent in permitting old piling and timbers to remain under its culvert and that this negligence was a proximate cause of the damage.

So far as the City was concerned, the jury found that it caused to be collected upstream from the railway culvert a larger quantity of water than would have been collected by the natural lay of the land and that such act was negligence. The jury also found that the City knew and Santa Fe did not know and City failed to inform Santa Fe that the quantity of water which would be collected following an intense and heavy rainfall would exceed the capacity of the railway culvert and that such failure to so inform was negligence. The jury found that neither act of negligence was the sole

proximate cause, no corollary issue of proximate cause having been submitted.

The trial court entered judgment for the plaintiffs against Santa Fe but denied them any recovery against the City of Beaumont. The Court also denied Santa Fe any recovery against the City of Beaumont on its cross-action by way of indemnity or contribution. Santa Fe appealed, without filing motion for new trial, its motion for judgment on the verdict having been overruled. Rule 324, Rules of Civil Procedure. The Court of Civil Appeals affirmed the judgment of the trial court. 363 S.W.2d 343.

■■■ The only question presented here for decision, is whether Santa Fe is entitled to indemnity or, in the alternative, to contribution from the City of Beaumont. We agree with the Court of Civil Appeals that Santa Fe is not entitled to collect indemnity from the City. The test laid down in Austin Road Co. v. Pope, 147 Tex. 430, 216 S.W.2d 563, is that for one tort-feasor to be allowed recovery of indemnity against another it must be predicated upon a consideration as to whether the tort-feasor as plaintiff suing the other in tort would be entitled to recover. According to the record we believe Santa Fe does not meet that test. Santa Fe contends that as between it and the City a duty was created in favor of Santa Fe because of the existing licensee status. That has reference to the permission granted by Santa Fe to construct, maintain and use a drainage ditch on a portion of Santa Fe's right-of-way. The duty was, says Santa Fe, to perform the drainage work with reasonable care and because of the failure on the part of the City in that respect Santa Fe was entitled to indemnity, citing Panhandle Gravel Co. v. Wilson, Tex.Civ.App., wr. ref. n. r. e., 248 S.W.2d 799. Additionally, Santa Fe urges that a duty was created in its favor because of the City's superior knowledge and ability to foresee and prevent the flood damage, since the jury found that the City knew, and that Santa Fe did not know, that changes made by the City in the natural flow of the water following an unusually heavy rainfall would exceed the ca-

pacity of Santa Fe's culvert, and that City was negligent in failing to so inform Santa Fe. This theory would have considerable weight were it not for the fact that Santa Fe was found to be negligent in permitting its culvert to be blocked with old pilings and timbers which constituted a proximate cause of the damage. We agree with the Court of Civil Appeals that Santa Fe and the City were in pari delicto and equally blameworthy in causing the flooding of the plaintiffs' homes. We, therefore, hold that Santa Fe was not entitled to be indemnified.

Under Art. 2212, Vernon's Annotated Civil Statutes, enforced contribution is allowed among joint tort-feasors who are in pari delicto as to each other. Austin Road Co. v. Pope, supra.

The Court of Civil Appeals, although finding that Santa Fe and the City were in pari delicto, nevertheless concluded that since Santa Fe pleaded that the City's acts of negligence were the sole proximate cause of plaintiffs' damage and failed to plead that they merely proximately caused the damage, the plea for contribution against the City must be denied. In this respect we believe the Court of Civil Appeals was in error.

Our holding will entail a rather extensive discussion of the pleadings and motions filed by the parties and the rulings of the trial court thereon. The case went to trial on the 6th day of July, 1959, on Plaintiffs' Second Amended Original Petition. The plaintiffs complained of both the Santa Fe and the City asserting that Santa Fe was guilty of certain acts of negligence and as to the City alleged:

"That the incident made the basis of this suit resulted from the negligence of the defendant, the City of Beaumont, in some one or more of the following particulars, to wit:

"(a) In failing to dig the drainage ditch flowing generally northerly and southerly running parallel with the said railroad track at a deeper depth under the facts and circumstances.

"(b) In failing to give a greater fall to the ditch coming from the north and running parallel to said railroad embankment than the other two ditches converging at the trestle in question.

"That each and all of the above and foregoing acts either of omission or commission constituted negligence and amounted to negligence, and were each and all a proximate cause of the injuries and damages made the basis of this suit."

They further pleaded:

"That by reason of the negligent acts and omissions on the part of the defendant, Gulf, Colorado and Santa Fe Railway Company, together with the acts on the part of the defendant, the City of Beaumont, that such surface or flood water was caused to be diverted into the homes of the plaintiffs herein, and that the floors and foundations of said homes, as well as their furniture, fixtures and other items in and about the plaintiffs' homes were damaged in the following particulars, to wit:"

Throughout the petition the plaintiffs alleged that the negligence of the defendants proximately caused the damage and prayed that they have judgment against the defendants either jointly or severally for their damage. In its cross-action against the City, Santa Fe pleaded that the drainage facilities and ditches constructed by the City negligently caused a greater quantity of water to collect than would have been accumulated by the natural lay of the land and that such negligence was the sole proximate cause of the damage. Santa Fe also alleged that the City knew and Santa Fe did not know and the City failed to inform it that the quantity of water which would be collected would exceed the capacity of the railway culvert; that such failure, to inform was negligence and the sole proximate cause of the damage.

On July 13th after the trial had been in progress for approximately a week, the

plaintiffs with leave filed a trial amendment in which they adopted and set out substantially the same allegations of negligence alleged by Santa Fe against the City, asserting that the negligence proximately caused the damage sustained by them. Four days later Santa Fe moved for leave to file a trial amendment by interlining in its answer and cross-action the words "and proximate cause" after the words "sole proximate cause". This motion was overruled. Incidentally, the trial was begun on the 6th day of July and the verdict of the jury was received August 1st. While the trial court's action in respect to granting this character of leave is largely discretionary, we fail to perceive any valid objection to the filing of Santa Fe's motion in view of the court's action in granting leave to the plaintiffs.

On the 29th day of July, after all the evidence had been presented and all parties had rested, the plaintiffs requested permission to amend their trial amendment previously filed so as to assert against the City that the negligence charged therein was only the sole proximate cause of the damage suffered by the plaintiffs and to remove from the trial amendment the allegations that the acts of the City proximately caused the damage. Permission to so amend was granted over Santa Fe's objection. Thereafter Santa Fe unsuccessfully moved again for permission to include in its plea the words "proximately caused".

The City contends that the finding of negligence in the two respects on the part of the City is of no avail to Santa Fe in its plea for contribution since there was no express finding that the negligence in either case was the proximate cause of the damage sustained by the plaintiffs. However, there were issues submitted as to whether the damages sustained by each plaintiff were proximately caused by the negligence of the City of Beaumont and those issues were answered in the affirmative. The only objection leveled to those issues by the City was that of the lack of pleadings and evidence to support the same.

■ The City now says that specific issues control over general issues and a general finding by the jury that damages were proximately caused by the negligence of a defendant does not supply a failure by the jury to find that the defendant was guilty of a specific act of negligence which was a proximate cause of the damage. In support of this contention they cite Garza v. San Antonio Transit Company, Tex.Civ.App., 180 S.W.2d 1006, wr. ref. w. o. m., and Benson v. Missouri K. & T. Ry. Co., Tex.Civ. App., 200 S.W.2d 233. But these two cases are speaking of conflicts. In Garza the jury found that the act of the bus driver was not negligent, but in answer to the issue inquiring as to the damages sustained as a proximate cause of the negligence, if any, the jury found a certain amount of money. In that case the court held that where the special issue on negligence is answered against the plaintiff the answer to the general issue on damages becomes immaterial and hence no conflict. In the case here no conflict appears. The jury found that the City was guilty of negligence, hence there can be no misunderstanding about the matter.

■ The City also says that the jury, in answering these issues, might well have believed that the City was negligent in some other respect and not as to the negligence found by them. A sufficient answer to this contention is that no objection was leveled to the issue on that score, and, secondly, there is no reason to assume that the jury had any negligent acts in mind except those which had been inquired about and which they had answered against the City.

■ The theory of the City is that since the railroad only pleaded that the acts of the City were the sole proximate cause, it was prepared to defend only against Santa Fe's allegations that the sole cause of the flooding of the plaintiffs' homes was the City's failure to inform it of the fact that the quantity of water which would be collected at the opening beneath the railroad bridge following an intense and heavy rain,

would exceed the capacity of the said opening to carry such water, and that the City's task in defending against Santa Fe's charges of sole proximate cause was much less burdensome than it would have been if Santa Fe had alleged that such act and omission was not only the sole cause but as well a proximate cause of the flooding.

There is some merit in the City's argument but we think it is more theoretical than practical. In the first place up until the close of the testimony the City was confronted by the trial amendment of the plaintiffs which made the same allegations of negligence as did the Railroad Company and charged that these acts were the proximate cause of the damages sustained. This trial amendment was filed some sixteen days before the close of the evidence. Surely within this length of time they could have prepared to present whatever testimony was available to defend against these charges of negligence and proximate cause. There is no showing or even claim that they were unable to do so. The Railroad, in addition to pleading that these acts were negligently committed by the City, also put the City on notice that they were asking for contribution in the event the jury returned a verdict favorably to the plaintiffs.

■■ It is a general rule, so well established as to need no citation of authority, that the petition will be construed as favorably as possible for the pleader. The court will look to the pleader's intendment and the pleading will be upheld even if some element of a cause of action has not been specifically alleged. Every fact will be supplied that can reasonably be inferred from what is specifically stated. In our opinion it could reasonably be inferred from Santa Fe's cross-action that it was charging the City with acts of negligence that proximately caused the injuries to the plaintiffs.

■ In support of its holding that Santa Fe was bound by its specific allegations of sole cause and that its cross-action amounted to no pleading at all for contribution, the Court of Civil Appeals cites only the case of Fenley et al. v. Ogletree et al., Tex.Civ.App., 277 S.W.2d 135, wr. ref. n. r. e. The question in that case was whether a final judgment had been rendered by the trial court though it made no express disposition of an asserted cross-action for judgment over and against the other defendant. The Court held that the pleading only prayed for that relief and stated neither a cause of action nor the basis of one, nor was any evidence introduced in support thereof. That holding seems to have little bearing on the question presented here which is, whether the pleading that the acts of negligence constituted the sole proximate cause, coupled with a prayer for contribution will afford by implication a charge that the negligent acts were also the proximate cause of the damage. Under all the facts and circumstances in this case we are disposed to answer that question in the affirmative.

Before a negligent act may be said to be the sole proximate cause of an injury it must first be a proximate cause, since the whole includes all of its parts. While we find no case squarely in point, there are decisions which are helpful and somewhat analogous. In Rodriquez v. Zavala, Tex. Civ.App., 279 S.W.2d 604, no writ history, the court held the defendant's complaint, namely, that the plaintiff alleged sole proximate cause, but proved proximate cause only, to be without merit since the pleading gave notice of an ordinary accident, stated three separate acts of negligence, generally alleged proximate cause and specially alleged sole proximate cause.

Williams v. Zang, (Com.App.) 279 S.W. 815, is authority for the proposition that if the petition seeks to recover upon the theory that the negligence of the defendant was the sole proximate cause of the plaintiff's injuries, it is not a failure of proof nor a variance to permit recovery upon proof that such negligence proximately contributed along with the negligence of another to produce the plaintiff's injuries.

**600**

In Texas General Indemnity Co. v. Savell, Tex.Civ.App., 348 S.W.2d 202, no writ history, the plaintiff argued that since the defendant pleaded a prior injury as the sole cause of plaintiff's incapacity, that pleading would not support an issue as to partial cause. The court overruled that contention that the statement that a pleading of the greater would include the lesser. Of course it has always been the rule since the adoption of the workmen's compensation law that a claimant is not confined to a pleading of total and permanent disability but is allowed under that pleading to prove and recover partial disability without having expressly pleaded for that relief. Southern Underwriters v. Boswell, 138 Tex. 255, 158 S.W.2d 280.

Now the plaintiff in Texas General Indemnity v. Savell, could with reason argue that all he had to show to prevail over the sole cause defense was to show that the present injury did in part contribute to the disability and that he was not prepared to defend against the defense of partial cause which had not been pleaded. Likewise in Southern v. Boswell the defendant could argue that since the plaintiff only pleaded total and permanent disability if it were shown that the plaintiff was only temporarily or partially disabled a complete defense would be established. True these are compensation cases but even so we do not perceive why the principle involved would not apply equally to the situation here of a tort case. The workmen's compensation statute does require that the law be construed liberally in favor of the claimant but that is not to say that the rules of pleading and procedure are to be applied differently. The Rules of Civil Procedure are employed uniformly in all civil cases.

The judgments of the trial court and the Court of Civil Appeals are here reversed in so far as they fail to render judgment against both Gulf, Colorado & Santa Fe Railway and the City of Beaumont as joint tort-feasors entitled on the payment of the judgment awarded in this case, to contribution, in accordance with the provisions of Art. 2212 of Vernon's Annotated Civil Statutes. Otherwise the judgments are affirmed. The cause is remanded to the trial court for the entry of a judgment in accordance with the above holding.