**Melvin T. EASLEY, Trustee, Appellant,**

v.

**PORTFOLIO MANAGEMENT, INC.,
et al., Appellees.**

**No. A2114.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Sept. 12, 1979.

Rehearing Denied Oct. 10, 1979.

Larry R. Jones, W. Harold Sellers, Houston, for appellant.

Joel W. Cook, Schlanger, Cook, Cohn, Mills & Grossberg, Joe Roady, Cox, Pakenham & Roady, Houston, for appellees.

Before BROWN, C. J., and MILLER and PAUL PRESSLER, JJ.

MILLER, Justice.

This is an appeal from a summary judgment in favor of Portfolio Management, Inc. and Sussex Towers, Inc., defendants below. We hold that the judgment was not final and we dismiss the case for want of jurisdiction.

Melvin Easley, Trustee, and plaintiff below, brought suit against five defendants: Portfolio Management, Inc.; Sussex Towers, Inc.; Portfolio Management of Texas, Inc.; Community Investors VIII, Ltd.; and Russell T. Bumbalek, an individual. The plaintiff's petition alleged the following facts. He had contracted with A.M.I. Investors, Inc. (sometimes called AMI Investments, Inc.) to purchase certain land with improvements located in Harris County. This property was an apartment house known as Sussex Towers which he planned to convert to condominiums. Defendant, knowing of the existing contractual and business relationship, intentionally and maliciously interfered by inducing the plaintiff's employee, defendant Bumbalek, to reveal to them the plaintiff's development plans, a trade secret, for the condominium conversion. Defendants then used these plans in order to be able to purchase the property from A.M.I. themselves, thereby preventing the plaintiff from purchasing pursuant to his contract. Plaintiff prayed for specific performance of the contract or, alternatively, that a constructive trust be imposed upon the property for the benefit of plaintiff. He also prayed for $1,000,-000.00 exemplary damages and caused a lis pendens to be placed on the property.

Defendant Portfolio Management, Inc. answered the suit by denying that it at any

time had purchased the property at issue but that it was aware that defendant Portfolio Management of Texas, Inc. did enter into a contract with A.M.I. to acquire the land. It subsequently assigned its rights in said contract to defendant Community Investors VIII, Ltd. which purchased the property and then sold it to Sussex Towers, Inc. It also denied knowledge of the trade secrets, and the contractual or business relationships between the plaintiff and A.M.I. Before being served with process Sussex Towers, Inc. filed a petition in intervention asking for declaratory relief. At the time of suit it was the record owner of the property. It claimed it acquired title without notice of any claims to it by the plaintiff and that it never made any use of the plaintiff's development plans. It also alleged that the plaintiff was estopped to assert that the activities of Portfolio Management of Texas, Inc. were tortious. It prayed for judgment that plaintiff take nothing by his suit and that the lis pendens be removed.[1]

Defendants Portfolio Management, Inc. and Sussex Towers, Inc. moved for summary judgment on the grounds that there was no contract between the plaintiff and A.M.I.; that they never had use of the development plans; that the data for the two projects were not the same; that the plaintiff's work was not used; and that the development package did not constitute a trade secret and was not the consideration for their purchase. The plaintiff answered the motion by reasserting his original claims. Both sides filed affidavits with attached exhibits. The trial court severed the three nonmoving defendants and rendered summary judgment in favor of Portfolio Management, Inc. and Sussex Towers, Inc. It is from this judgment that plaintiff appeals.

Liberally construed, *Gulf, Colorado & Santa Fe Railway Co. v. Bliss,* 368 S.W.2d 594 (Tex.1953), the plaintiffs pleadings alleged four causes of action: suit on a contract, tortious interference with contractual relationships, tortious interference with advantageous business relationships and theft of trade secrets. The allegations in his pleadings are directed toward the defendants as a group and do not single out one or the other as to each cause of action; therefore, it appears that each cause of action was alleged against each defendant. The defendants filed no special exception pursuant to Tex.R.Civ.P. 90 in order to clarify or refute this inference. The judgment severs three defendants and proceeds to render judgment against plaintiff on his "claim to a constructive trust and to a right for specific performance" and for defendant Portfolio Management, Inc., and intervenor, Sussex Towers, Inc. The question remains as to whether this judgment also disposes of the plaintiff's tort claims against these two defendants. Under *North East Independent School District v. Aldridge,* 400 S.W.2d 893 (Tex.1966) we must find that it did unless there is a contrary showing in the record, a showing which would make the judgment "intrinsically interlocutory." Among other things, the judgment recites that "it is further ordered, adjudged and decreed that the rights, if any, of the plaintiff to maintain an action claiming monetary damages is not prejudiced by entry of this judgment." As one of the remedies for the tort causes of action is monetary damages, we think that this portion of the judgment expressly leaves these issues to be decided at a later time. The summary judgment before us is only partial and interlocutory and therefore not appealable. The appeal must be dismissed.

---

1. Any answers filed by the other defendants are not part of this record on appeal.