NO. 07-07-0111-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 11, 2007
_____

IN RE NATHAN FELDER, RELATOR
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Relator, Nathan Felder, has filed a Motion for Leave to File Application for Writ of Mandamus and Petition for Writ of Mandamus[1] in which relator requests this Court order respondents, Terri Banks (Dallam County District Clerk), Luann Taylor (District Clerk), Shelly Burnett (69th District Court Reporter), and Mike Carlisle (69th District Court Reporter), to respond to Felder's correspondence requesting a copy of the clerk's record or, specifically, "a complete copy of the Jury Empanelment list of the twelve jurors and the two alternatives," in the cause in which Felder was convicted.[2]  We deny the petition.

---

[1] Construing Felder's pleading liberally, Gulf, Colo. & Santa Fe Ry. Co. v. Bliss, 368 S.W.2d 594, 599 (Tex.1963), and in the interest of judicial economy, we will treat Felder's Motion for Leave to File Application for Writ of Mandamus and Petition for Writ of Mandamus as a Petition for Writ of Mandamus.

[2] While Felder did not identify the cause, this Court affirmed Felder's conviction in Felder v. State, 2005 WL 1742928, July 25, 2005.  Not published.

Felder's "Motion for Leave" fails to establish his entitlement to mandamus relief. A court of appeals has authority to issue writs of mandamus against district and county court judges within the court of appeals's district and all writs necessary to enforce its jurisdiction. TEX. GOV'T CODE ANN. § 22.221(a), (b) (Vernon 2004). However, none of the respondents identified by Felder are judges. As a result, the named respondents are not within our jurisdictional reach and we have no authority to issue a writ of mandamus against them absent a showing that issuance of the writ is necessary to enforce our jurisdiction. In re Cummins, 2004 WL 1948048, at *1 (Tex.App.–Amarillo 2004, orig. proceeding) (mem. op.); In re Coronado, 980 S.W.2d 691, 692 (Tex.App.–San Antonio 1998, orig. proceeding). Felder does not identify how issuance of the writ of mandamus against the named respondents would be necessary to enforce our jurisdiction.

As Felder's Motion for Leave to File Application for Writ of Mandamus and Petition for Writ of Mandamus does not identify any basis upon which this court would have authority to issue a writ of mandamus, we deny the petition.


Mackey K. Hancock
Justice


2